UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) |
| Plaintiffs, | ) ) Case No. 25-cv-14656 |
| vs. | ) ) ) |
| | ) Judge Andrea R. Wood |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their individual and official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) Magistrate Judge Laura K. McNally ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS**

NOW COME the Defendants, CLERK CINDY M. MURRAY and ORLAND TOWNSHIP, by and through their attorneys, MICHAEL D. BERSANI and JASON R. BLUMENTHAL of HERVAS, CONDON & BERSANI, P.C., and submit this memorandum of law in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

This case involves two private political parties who competed for seats on the Orland Township Board of Trustees in the 2025 Consolidated General Election. Plaintiffs belonged to the Orland Township Together (OTT) Party, and Defendants belonged to the Orland Township United (OTU) Party. Notwithstanding alleged political shenanigans at OTT's caucus, Plaintiffs successfully slated their candidates and appeared on the ballot. Plaintiff O'Grady won his election,

and Plaintiffs Odeh, Lynch, and Feldner did not. Plaintiffs bring claims for money damages against the individual Defendants, including former Orland Township Clerk Defendant Cindy Murray, alleging that Defendants' activities at the caucus violated their rights under the First Amendment and Illinois law. Their claims should be dismissed because Plaintiffs fail to allege sufficient facts establishing state action on behalf of Murray, and otherwise fail to allege plausible claims under federal and state law.

## FACTUAL ALLEGATIONS

Plaintiff Paul O'Grady is the Supervisor of Orland Township and a member and chairman of the Orland Township Together Party ("OTT") (Compl., d/e 1, ¶¶ 7, 22). Plaintiffs Reem Odeh, John Lynch, and Patrick Feldner are also members of OTT (Compl., d/e 1, ¶¶ 8-10). Defendant Michael Hastings is an Illinois State Senator and member of the Orland Township United Party ("OTU") (Compl., d/e 1, ¶ 12). Defendants Kyle Hastings and Kyle Hastings II are the Mayor of Orland Hills and Trustee of Orland Hills, respectively, and both were members of OTU (Compl., d/e 1, ¶¶ 12, 14). Defendant Cindy Murray was the Orland Township Clerk and member of OTU (Compl., d/e 1, ¶ 15).[1] Defendants Village of Orland Hills and Orland Township are Illinois municipal corporations (Compl., d/e 1, ¶¶ 17-18).

On December 3, 2024, the OTT Party hosted a caucus at the Chateau Banquet Hall in Orland Park (Compl., d/e 1, ¶¶ 23-25). The caucus was held because the OTT Party missed the filing deadline to slate electors by petition for the April 2025 consolidated Orland Township election (Compl., d/e 1, ¶ 26). Plaintiffs alleged that the OTT Party missed the deadline because it did not receive notice of the deadline leaving the caucus as the only timely way to enter candidates

---

[1] Murray was also a candidate for reelection and lost the race (*See* Certified Election Returns, attached hereto as Exhibit 1). This Court may take judicial notice of the election results in deciding a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Evid. 201(b)(2); *Krupa v. Quinn,* 596 F. Supp. 3d 1127, 1134, fn. 2 (N.D. Ill. 2022); *Bowen v. Bd. of Educ.,* 2017 WL 3334854, at *5 (N.D. Ill. 8/4/17); *Schittino v. Village of Niles*, 2024 IL App (1st) 230926, ¶ 5.

for the election (*Id.*). Plaintiffs allege that it was Murray's responsibility to send the notice, and that she sent the notice to the Republican and Democratic parties but intentionally withheld it from OTT to prevent it from participating in the election in conspiracy with other Defendants (Compl., d/e 1, ¶ 27).

The OTT Party notified the Orland Township Clerk of its intent to caucus by written notification and publication (Compl., d/e 1, ¶¶ 30–33).[2] Plaintiff O'Grady organized all aspects of the caucus and ensured the necessary preparations were in place for it to proceed on December 4th (Compl., d/e 1, ¶¶ 34–44). Around 5:00 p.m., as the caucus was set to begin, citizens arrived and refused to follow the check-in process (Compl., d/e 1, ¶¶ 46, 48–49). Minutes later, a transport van arrived carrying Defendant Senator Hastings along with several other individuals (Compl., d/e 1, ¶¶ 50–51, 53).

Plaintiffs allege that there were several individuals outside the venue, including Defendant Murray (Compl., d/e 1, ¶ 55). A sub-group of individuals including Murray comprised the OTU Party's slate of candidates for the April 2025 election (Compl., d/e 1, ¶ 56). The individuals Defendants allegedly caused confusion among caucus goers by stating they were there for the caucus and "for Paul" and that the event was outside and not inside the venue and presented caucus goers with sham affidavits in support of OTT to divert them from going inside (Compl., d/e 1, ¶¶ 57-58).

Senator Hastings and an unnamed group of individuals entered the facility and refused O'Grady's requests to check in and blocked the entrance (Compl., d/e 1, ¶¶ 59-62). Hastings got in O'Grady's face and said "F*** you, I don't care." (Compl., d/e 1, ¶ 63). A physical altercation

---

[2] Co-Defendants Orland Hills provided a detailed recitation of Illinois Township caucus law in their motion to dismiss (Memo. of Law, d/e 29, pp. 2-3). To avoid redundancy, Defendants adopt that recitation and incorporate it herein by this reference.

3

then ensued, during which Senator Hastings allegedly yelled profanity and continued attempting to enter the caucus room (Compl., d/e 1, ¶¶ 64–67). Orland Park Police eventually arrived. Senator Hastings asserted to police that the unnamed individuals were entitled to attend the caucus and that he was the OTT Party chairman (Compl., d/e 1, ¶¶ 69, 71–72). Police determined this was untrue and instructed Senator Hastings and the group to leave, which they refused to do (Compl., d/e 1, ¶¶ 76–78).

Around 6:00 p.m., more citizens arrived, including Defendant Mayor Hastings, who appeared in a marked Orland Hills police vehicle accompanied by a uniformed officer (Compl., d/e 1, ¶¶ 79–80). Mayor Hastings, who had registered as an OTU Party member, attempted to enter the OTT caucus room and became involved in a physical altercation with Plaintiffs as they barred his entry (Compl., d/e 1, ¶¶ 82–85). During the caucus, a fraudulent slate of candidates was proposed as the OTT slate by individuals who had previously signed an OTT Party petition (Compl., d/e 1, ¶¶ 90–92). Meanwhile, Senator Hastings remained outside using a loudspeaker to confuse caucus attendees and urge them to vote for the fraudulent slate (Compl., d/e 1, ¶¶ 93–94).

The caucus was ultimately completed, and on December 9, 2024, Plaintiffs filed their slate of OTT candidates (Compl., d/e 1, ¶¶ 96–98). At that time, Plaintiffs learned that another purported OTT slate had been filed with the election office by James Caliendo, a known OTU Party member (Compl., d/e 1, ¶ 99). Plaintiffs challenged the filing before the electoral board, which held a hearing on January 21, 2025, and on January 30, 2025, issued a decision removing the fraudulent slate and ensuring Plaintiffs' slate would appear on the April 2025 ballot (Compl., d/e 1, ¶¶ 102–104). Plaintiff O'Grady prevailed in the election and others lost (Compl., d/e 1, ¶ 110).

## PLAINTIFFS' LEGAL CLAIMS

Plaintiffs bring a 10-count complaint pursuant to 42 U.S.C. § 1983 and state law. Counts I, II, IV, V, and VIII are directed at the individual Defendants, including Murray. Counts I and II allege a § 1983 First Amendment retaliation and conspiracy claim, respectively. Count IV and V allege state law deprivation of constitutional rights under 10 ILCS 5/29-17 and 10 ILCS 5/29-18. Count VIII alleges a state law claim for willful and wanton conduct against Murray and other individual Defendants. Count X alleges a state law indemnification claim against Orland Township.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must comply with Federal Rule of Civil Procedure 8 in stating his claims, as well as the pleading mandates outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While a court should treat a plaintiff's well-pled factual allegations as true and draw reasonable inferences from those facts in a light favorable to him, the allegations must plausibly suggest that he has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555. "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting, Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Thus, a court should not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679; *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (holding that vague allegations do not provide adequate notice to defendants under Rule 8 and *Iqbal* of the contours of plaintiff's Section 1983 claim).

## ARGUMENT

### I. PLAINTIFFS FAIL TO ALLEGE A § 1983 FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT MURRAY

Section 1983 requires the deprivation of a federal right by a person acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635 (1980). The "color of law" requirement "addresses *state* action." *Krupa v. Quinn,* 596 F. Supp. 3d 1127, 1035 (N.D. Ill. 2022) (emphasis supplied). "Purely private conduct, 'however discriminatory or wrongful,' does not violate the [Constitution]." *Id.* (citations omitted). The defendant's actions must be "'fairly attributable to the State.'" *Id.* In other words, there must be a close nexus between the defendant's actions and the State to conclude that private behavior can fairly be treated as State action. *Id.* at 1035-1036. This "is a matter of normative judgment, and the criteria lacks rigid simplicity." *Id.* at 1036 (*citing, Brentwood Acad. V. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)). "Courts may consider any relevant factual matter, and no single fact is necessary or sufficient." *Id.*

Furthermore, a § 1983 claim requires an actual deprivation of a constitutional right. *Krupa,* 596 F. Supp. 3d at 1140. The constitutional source for Plaintiffs' § 1983 claim is First Amendment retaliation. To adequately plead such a claim, Plaintiffs must allege that they engaged in protected First Amendment activity, that they suffered a deprivation likely to deter First Amendment activity, and that their protected activity was at least a motivating factor behind the deprivation. *Preston v. Wiegand*, 573 F. Supp. 3d 1299 (N.D. Ill. 2021).

The only purported state action attributable to Defendant Murray is Plaintiffs' allegation that Murray, as Township Clerk, failed to send notice to the OTT Party of the deadline to notify the Cook County Clerk's Office of OTT's intent to run as an established party in the February 2025 primary (Compl., d/e 1, ¶¶ 26-28). Plaintiffs fail to identify the source of this alleged notice requirement, and Defendants are aware of none. Even if Murray deliberately failed to send the required notice, this conduct, at most, violated state election law. It is well established that a violation of Illinois election law does not violate the United States Constitution. *See Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1062 (7th Cir. 2020); *Dempsey v Johnson*, 2016 IL App (1st) 153377, ¶ 51.

In any event, Plaintiffs admit in their pleading that they were able to nominate *by way of caucus* and their candidates appeared on the April 2025 ballot (Compl., d/e 1, ¶¶ 96, 109). According to the Illinois Appellate Court, a "caucus is the equivalent of a primary election …." *Lenehan v. Township Officers Electoral Bd. of Schaumburg Township,* 2013 IL App (1st) 130619, ¶ 45). Thus, at most, Murray's alleged failure to send the notice was an attempt to deprive them of a right, "[b]ut an attempt to deprive a right is not enough." *Krupa,* 596 F. Supp. 3d at 1141. A § 1983 claim requires an actual deprivation, and no such deprivation occurred here by way of any state action allegedly taken by Murray.

That leaves Murray's alleged conduct on the day of the OTT Party caucus. To that end, their complaint alleges no factual content establishing or even reasonably inferring that Murray engaged in state action. As stated succinctly by Judge Seeger in *Krupa:*

> "People wear different hats at different times. Not every act by a public official is state action. Public officials have private lives, too. They act in a private capacity. That is, a public official has a personal life (like anyone else), and that private conduct does not become state action just because the person in question happens to be a public official."

7

*Id.* at 1136; *see, also, Reardon v. Danley,* 74 F.4th 825, 828 (7th Cir. 2023) ("'Merely private conduct, no matter how discriminatory or wrongful,' cannot lead to § 1983 liability.") (citations omitted).

While Murray happened to be the Township Clerk, there is no allegation that her attendance in the parking lot outside the OTT caucus was part of her official duties or that she invoked any state authority or exerted any state powers. Indeed, the caucus itself is an internal political party gathering (Orland Hills, Memo., d/e 29, p. 2). If anything, Plaintiffs allege that Murray attended in her private capacity. She was also a member of the opposing OTU Party and herself a candidate for re-election at the time. *Krupa,* 596 F. Supp. 3d at 1138 (running or campaigning for office is private action unrelated to official duties). "The question is whether [she] *invoked* state authority and under the guise of that authority, 'facilitated or enabled the alleged misconduct.'" *Id.* (emphasis supplied). Plaintiffs fail to allege any facts showing that Murray invoked any state authority in attending and participating in the caucus event. *See Reardon*, 74 F.4th at 828 (affirming dismissal of § 1983 First Amendment claim because complaint contained no allegations that defendant's removal of campaign yard sign was related to his position as county board member or that he possessed or exercised any state authority).

In *Krupa*, for example, the defendant alderman attempted to keep the plaintiff from getting on the ballot by actively interfering with his efforts to collect nominating signatures door to door. The court held that there were no facts alleging that the defendant or his operatives acted in the capacity as public officials, exercised any public power, exerted any governmental authority, invoked any public power, or otherwise acted as agents of the state. 596 F. Supp. 3d at 1139. In contrast, after the plaintiff in *Krupa* made the ballot, the defendant sent his operatives to trick and bully voters into signing paperwork revoking their signatures. The operatives identified themselves

8

as being from the alderman's office and flashed government ID's and threatened to withhold government services if voters refused to sign the revocations. According to the court, this was public, not private action. *Id. See also Dempsey v. Johnson*, 2016 IL App (1st) 153377 (holding that village clerk deprived candidate of ballot access by using public resources to send misleading robocalls and improperly influencing the election board as a member of the board).

Plaintiffs alleged no specific actions taken by Murray at the OTT caucus that constituted state action. They do not claim that Murray acted in her capacity as Township Clerk or exercised, exerted, or invoked any governmental power or authority at the caucus. If anything, Murray was exercising her own First Amendment rights. As stated by the Supreme Court in *Lindke v. Freed*, 601 U.S. 187, 197 (2024), "the distinction between private conduct and state action turns on substance, not labels; private parties can act with the authority of the State, and state officials have private lives and their own constitutional rights—including the First Amendment right to speak about their job and exercise editorial control over speech and speakers on their personal platforms."

Plaintiffs allege that Plaintiff O'Grady won his election and that Plaintiffs Odeh, Lynch and Feldner lost. The relevancy of this allegation is puzzling since they do not allege that they lost the election because of Defendants' caucus activities. To the extent they were making that claim, it would be a non-starter. There is no constitutional right to be elected to office. *Parks v. City of Horseshoe Bend,* 480 F.3d 837, 840 (8th Cir. 2007). Besides, they fail to mention that Murray also lost the election, as did several members of her alleged OTT cabal (Certified Election Returns, attached hereto as Exhibit 1). Elections do not always produce the desired outcome, but an unfavorable result does not mean that a plaintiff was deprived of a constitutional right merely because he was not elected to public office.

## II. PLAINTIFFS FAIL TO STATE A PLAUSIBLE § 1983 CIVIL CONSPIRACY CLAIM

A civil conspiracy claim is not an independent basis for § 1983 liability. *Mary Jane Sweet Spot, LLC v. City of Blue Island,* 2024 WL 1363535, *10 (N.D. Ill. 3/29/24). An underlying constitutional violation is needed to support a conspiracy claim. *Id.* (*citing, Holm v. City of Coal City,* 345 Fed App'x 187, 191 (7th Cir. 2009)). Because Plaintiffs were not deprived of any First Amendment right, their conspiracy claim necessarily must be dismissed.

Furthermore, to state a plausible § 1983 conspiracy claim, Plaintiffs must allege the existence of an agreement among the defendants to violate their constitutional rights and overt acts that actually deprived him of those rights. *Mary Jane Sweet Spot, id.* at *11. There must be factual allegations that suggest that the defendants agreed to violate Plaintiffs' constitutional rights. *Id.* Bare conclusions of a conspiracy are insufficient to survive a motion to dismiss. *Id.* at *11-12.

Plaintiffs allege only vague and bare conclusions that Murray participated in a conspiracy with other Defendants (Compl., d/e 1, ¶¶ 123-127). Although Plaintiffs allege that Murray was present with others in the parking lot outside the caucus with other OTU members, their complaint fails to allege any factual content that plausibly suggests that there was a meeting of the minds, when they reached such an agreement, or what they allegedly agreed to do. Plaintiffs' conspiracy allegations constitute nothing more than labels and conclusions and do not satisfy the threshold pleading standard outlined in *Iqbal* and *Twombly. See Mary Jane Sweet Spot, id.* at *12.

## III. PLAINTIFFS' STATE LAW ELECTION CODE CLAIMS SHOULD ALSO BE DISMISSED

Plaintiffs bring two claims under the Illinois Election Code. Count IV alleges a violation of 10 ILCS 5/29-17 for deprivation of constitutional rights, and Count V alleges a conspiracy to violate constitutional rights under 10 ILCS 5/29-18. Section 29-17 provides a private cause of

10

action for election related deprivations of federal and state constitutional rights. It is modeled after § 1983 and therefore indistinguishable from Plaintiffs' § 1983 First Amendment claim. *See Dempsey v. Johnson*, 2016 IL App (1st) 153377, at ¶ 48; *see, also, Gonzalez v. Madigan,* 403 F. Supp. 3d 670, 680 (N.D. Ill. 2019). Section 29-18 provides a private remedy for election related constitutional conspiracy claims. It too is indistinguishable from Plaintiffs' § 1983 conspiracy claim. Therefore, these state claims should be dismissed for the same reasons as the federal claims.

## IV. PLAINTIFFS' OFFICIAL CAPACITY CLAIM AGAINST MURRAY AND CLAIM AGAINST ORLAND TOWNSHIP SHOULD BE DISMISSED

Plaintiffs have sued Defendant Murray in her official capacity. This claim is duplicative of the claim against her employer Orland Township. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 771 n.7 (7th Cir. 2006) (affirming dismissal of an individual defendant sued in his official capacity as duplicative of claim against the employer defendant). Therefore, it is redundant to sue Murray in her official capacity along with Orland Township. Furthermore, Orland Township is solely under a theory of state law indemnification as a necessary party, presumably under *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003). Absent a plausible claim against Murray individually, however, the Township incurs no indemnification obligation and therefore should be dismissed. *See Karalyos v. Bd. of Educ.*, 788 F. Supp. 2d 727, 734 (N.D. Ill. 2011).

## V. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE WILLFUL AND WANTON CLAIM UNDER ILLINOIS LAW

Plaintiffs bring a claim for "willful and wanton conduct" under Illinois law (Compl., d/e 1, Count VIII, ¶¶ 163-166, p. 24). However, the Illinois Supreme Court has expressly held that there is no separate and independent tort for willful and wanton conduct under Illinois law. *Remblake v. County of Will,* 2010 WL 3732146, at *2 (N.D. Ill. 9/16/10) (*citing Ziarko v. Soo Line R. Co.,* 161 Ill. 2d 267 (1994)). Willful and wanton is an aggravated form of negligence. *Fletcher v. Bogucki*,

2021 WL 4477968, at *7 (N.D. Ill. 9/30/21). Thus, a plaintiff must plausibly allege that the defendant owed a duty of care, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injuries. *Id.* Furthermore, the plaintiff must allege that the defendant exhibited either a deliberate intent to harm or a conscious disregard for the plaintiff's welfare. *Id.*

While Plaintiffs allege that "Defendants had a duty to refrain from willful and wanton conduct in connection with their duties as officials and citizens participating together in the political process" (Compl., d/e 1, ¶ 164), Defendants have not found any case recognizing such a cause of action under Illinois law. *See, e.g., Remblake id.* ("Remblake fails to cite any Seventh Circuit precedent or any Illinois state court ruling that recognizes an independent claim for willful and wanton misconduct or willful and wanton infliction of emotional distress in circumstances such as the instant action."); *Ryhan v. City of Waukegan,* 819 F. Supp. 2d 755, 759 (N.D. Ill. 2011) ("Ryhan does not point to any precedent recognizing an independent tort based solely on willful and wanton conduct …."). Plaintiffs' willful and wanton claim therefore should be dismissed.

## CONCLUSION

For the reasons stated above, the Defendants respectfully ask that this Court grant their motion to dismiss.

Respectfully submitted,

**/s/Michael D. Bersani**
MICHAEL D. BERSANI, Bar # 06200897
JASON R. BLUMENTHAL, Bar #06332469
Attorney for Defendants Murray and Orland Township
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156   P:  630-773-4774
mbersani@hcbattorneys.com
jblumenthal@hcbattorneys.com

12

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-cv-14656 |
| vs. | ) ) | |
| | ) | Judge Andrea R. Wood |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their Individual and official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Laura K. McNally  JURY TRIAL DEMANDED |
| Defendants | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 12, 2026, I electronically filed the foregoing **Defendants' Memorandum of Law in Support of their 12(b)(6) Motion to Dismiss** with the Clerk of the U.S. District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification to the CM/ECF participants; thereby caused all counsel of record to be served a copy of the same.

                                              **s/Michael D. Bersani**
                                              MICHAEL D. BERSANI, Bar #06200897
                                              JASON R. BLUMENTHAL, Bar #06332469
                                              HERVAS, CONDON & BERSANI, P.C.
                                              333 W. Pierce Road, Suite 195
                                              Itasca, IL 60143-3156
                                              Phone: 630-773-4774
                                              mbersani@hcbattorneys.com
                                              jblumenthal@hcbattorneys.com