**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 1:25-CV-14656 |
| v. | ) ) ) | |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS *in their individual and official capacities*; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Andrea R. Wood<br><br>Hon. Mag. Laura K. McNally<br><br><br><br>JURY TRIAL DEMANDED |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

The parties have conferred and jointly submit the following discovery plan under Rule 26. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." See Fed. R. Civ. P. 16(b)(4).

1.  **Nature of the Case**

    A.  **Attorneys of Record:**

Michael Kanovitz (lead trial attorney)
Jon Loevy
Kathryn Montenegro
LOEVY & LOEVY
311 N. Aberdeen Street, Suite 3
Chicago, Illinois 60607
(312) 243-5900

*Counsel for Plaintiffs Paul O'Grady, Reem Odeh, John Lynch, and Patrick Feldner*

Ryan B. Jacobson (lead trial attorney)
Danessa P. Watkins
AMUNDSEN DAVIS, LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
(312) 894-3252
*Counsel for Defendant Senator Michael E. Hastings*

Burton S. Odelson (lead trial attorney)
John B. Murphey
Kelly A. Krauchun
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
(708) 424-5678
*Counsel for Defendants Trustee Kyle Hastings, Mayor Kyle Hastings II, As-Yet Unknown Officers*

Lance E. Neyland (lead trial attorney)
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
(847) 291-0200
*Counsel for Defendant Village of Orland Hills*

Michael D. Bersani (lead trial attorney)
Jason R. Blumenthal
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
(630) 773-4774
*Counsel for Defendants Orland Township and Cindy Murray*

### B.    Service of Parties:

All named Defendants have been served or have waived service of process.

As to the As-Yet Unknown Officers with the Village of Orland Hills Police Department, Plaintiffs intend to discover their identities during early discovery for completion of service. Plaintiffs request early discovery for the limited purpose of learning the identity of the As-Yet Unknown Officers, prior to any final ruling on a Motion to Dismiss.

Defendants assert that early discovery on this issue is not necessary as the identities of the officers are not relevant to the bases for dismissal in Defendants' motions to dismiss.

### C. Basis for Federal Jurisdiction:

This Court has jurisdiction of Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of their state-law claims pursuant to 28 U.S.C. § 1367.

### D. Nature of Claims and Counterclaims:

Plaintiffs allege three federal claims pursuant to 42 U.S.C. § 1983 and four state law claims based on allegations of fraudulent election interference. Count I alleges that the individual Defendants violated Plaintiffs' First Amendment Rights. Count II alleges that the individual Defendants engaged in a federal civil conspiracy to effectuate the alleged constitutional violations. Count III is a *Monell* claim against Defendant Village of Orland Hills on the basis that Defendant Mayor Hastings was a final policymaker who violated Plaintiffs' constitutional rights. Count IV alleges that the individual Defendants deprived Plaintiffs of their rights related to voting, conducting elections, assembly, and speech, in violation of 10 ILCS 5/29-17 and the Illinois Constitution. Count V alleges that the individual Defendants engaged in a conspiracy to prevent voting, in violation of 10 ILCS 5/29-18. Count VI is a defamation claim under state law against Defendant Michael E. Hastings. Count VII is a false light claim under state law against Defendant Michael E. Hastings. Count VIII is a willful and wanton conduct claim under state law against all individual Defendants. Count IX is a claim for indemnification under 745 ILCS 10/9-102 against Defendant Village of Orland Hills. Count X is a claim for indemnification under 745 ILCS 10/9-102 against Defendant Orland Township.

### E. Legal and Factual Issues:

**Principal legal issues:** Plaintiffs allege that Defendants conspired to interfere with Plaintiffs' lawful political caucus, and during the course of this conspiracy, violated a number of Plaintiffs' rights under federal and state law and engaged in fraudulent conduct in furtherance of their conspiracy. Plaintiffs further allege that before, during, and after the caucus, the individual Defendants engaged in various acts of misconduct designed to interfere with Plaintiffs' lawful and protected activities. Plaintiffs allege that these fraudulent activities continued after the caucus in an attempt to file a fraudulent slate of nominees posing as Plaintiffs' political party. Plaintiffs also allege that Defendant Michael E. Hastings made false statements to the press regarding Plaintiff O'Grady and events described in the Complaint. The principal legal issues will be whether Defendants' actions violated federal and state law as laid out in Counts I-X.

**Principal factual issues:** Principal factual issues include the nature of the individual Defendants' actions before, during, and after the caucus on December 3, 2024, including whether Defendants worked together to interfere with the proceedings.

Defendants deny all allegations and have filed Rule 12(b)(6) motions to dismiss challenging, among other things, whether Plaintiff has sufficiently alleged state action required under 42 U.S.C. § 1983 to maintain this Court's subject matter jurisdiction.

### F.    Relief Sought:

Plaintiffs are seeking compensatory damages for their mental, emotional, financial, and reputational injuries as well as punitive damages against the individual Defendants for their injuries. In addition, Plaintiffs are seeking attorneys' fees and costs. Plaintiffs have not quantified their damages at this time; they anticipate that they will ask the jury to do so.

## 2.    **Case Plan**

### A.    Pending Motions:

As of March 12, 2026, all Defendants filed motions to dismiss under Rule 12(b)(6) for failure to state a claim. As of the date of this Joint Status Report, the Court has not yet set a briefing schedule for Plaintiff's Response or Defendants' Replies.

Plaintiffs respectfully request leave to file a consolidated response to Defendants' three Motions to Dismiss, with excess pages (30 pages total), pursuant to the following briefing schedule:

> Plaintiff's Response Deadline: April 20, 2026
> Defendants' Reply Deadline: May 20, 2026

Defendants have no objection to Plaintiffs' request and agree to the proposed briefing schedule. No other pending motions are before the Court.

### B.    Proposed Discovery Plan:

Defendants respectfully ask the Court to stay discovery pending a ruling on their Motions to Dismiss. It's Defendants' joint position that discovery should be stayed because they have raised legal bases for dismissal, principally whether § 1983 state actions have been adequately alleged. If the dismissal is granted on those grounds, this Court would not have federal subject matter jurisdiction, or dismissal would eliminate some claims or defendants. A stay would therefore be appropriate to streamline issues and proceedings, reduce the burden of litigation on this Court and the litigants, and it would not unduly prejudice or tactically disadvantage the plaintiffs. Defendants will file a separate motion to stay if the Court wishes.

Plaintiffs oppose a stay and respectfully ask that discovery begin while the Motions to Dismiss are pending. It is the Plaintiffs' position that the parties should be permitted to proceed with initiating discovery in the interests of judicial efficiency and preserving any available evidence relevant to this litigation.

### i.    Type of Discovery:

Generally, the parties will need to engage in discovery for documents, recordings, communications, and other evidence related to caucus proceedings that occurred in December 2024, as well as documents related to the events following the caucus, including the nomination process and any interactions with the press about the above events. The parties will also need to take depositions of fact and expert witnesses who have relevant knowledge.

### ii. Number of Depositions:

The parties believe each party may need more than the 10 depositions permitted by the Federal Rules and can revisit as discovery proceeds and as pleading issues are resolved.

### iii. Electronically Stored Information (ESI):

The parties anticipate that the case will involve some electronically stored information ("ESI"). The parties are not yet certain on the form of electronic information that may be at issue in this case, and they will work together to resolve any disputes that arise concerning the form or forms in which it should be produced.

### iv. Protective Order:

If the parties believe a Confidentiality and Protective Order is necessary, they will file a motion requesting the entry of a proposed joint Order (or will submit two separate proposed orders if they cannot agree on the form of such an order).

### v. Discovery Schedule:

The parties disagree on whether a proposed discovery schedule should be included in the initial Rule 26(f) JSR, given that Defendants are requesting to stay discovery pending ruling on their Motions to Dismiss.

Should the Court deny Defendants' request to stay discovery, Plaintiffs have included a proposed discovery schedule below. However, should the Court deny a stay of discovery, Defendants also request leave to propose an alternative discovery schedule from Plaintiffs' proposal below.

### i Plaintiff's Proposed Schedule:

| Event | Deadline |
|---|---|
| Initial 26(a)(1) Disclosures | April 17, 2026 |
| Parties to Issue Written Discovery | April 17, 2026 |

5

| Amendments to Pleadings | 60 days after Defendants answer all claims |
|---|---|
| Service of Process on Unknown Defendant(s) | Within the appropriate time frame under Fed. R. Civ. P. 4 |
| Completion of Fact Discovery | December 19, 2027 |
| Disclosure of Expert Report(s) by party with burden<br><br>(*For any affirmative defenses raised, Defendants will disclose expert reports by this date; for any expert reports related to Plaintiffs' claims, Plaintiffs will disclose expert reports by this date*) | January 19, 2027 |
| Deposition(s) of Initial Expert(s) Completed | February 19, 2027 |
| Disclosure of Rebuttal Expert Report(s) | March 19, 2027 |
| Deposition(s) of Rebuttal Expert(s) Completed | April 19, 2027 |
| Dispositive Motions | May 19, 2027 |

**C. Trial:**

Plaintiffs have demanded a jury trial, which they anticipate lasting at least 5 days.

3. **Settlement**

Plaintiff has not communicated any settlement demand, and no settlement discussions have taken place. Plaintiff is willing to confer with Defendants about settlement at any time and will participate in any settlement conference in which Defendants have substantial settlement authority.

4. **Consent to Proceed Before a Magistrate Judge**

The parties respectfully do not unanimously consent to proceeding before the magistrate judge at this time.

Respectfully Submitted,

/s/Kathryn Montenegro
Michael Kanovitz
Jon Loevy
Kathryn Montenegro
LOEVY & LOEVY
311 N. Aberdeen Street Suite 3
Chicago, Illinois 60607
(312) 243-5900
mike@loevy.com
*Counsel for Plaintiffs*

/s/ Ryan B. Jacobson (*with permission*)
Ryan B. Jacobson
Danessa P. Watkins
AMUNDSEN DAVIS, LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
 (312) 894-3252
rjacobson@amundsendavislaw.com
*Counsel for Defendant Senator Michael E.
Hastings*

/s/ Kelly Krauchun (*with permission*)
Burton S. Odelson
John B. Murphey
Kelly A. Krauchun
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
(708) 424-5678
kkrauchun@omfmlaw.com
*Counsel for Defendants Trustee Kyle
Hastings, Mayor Kyle Hastings II, and As-
Yet Unknown Officers of the Village of
Orland Hills Police Department*

/s/Lance Neyland (*with permission*)
Lance E. Neyland
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
(847) 291-0200
lneyland@ifmklaw.com
*Counsel for Defendant Village of Orland
Hills*

/s/ Michael Bersani (*with permission*)
Michael D. Bersani
Jason R. Blumenthal
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
(630) 773-4774
mbersani@hcbattorneys.com
*Counsel for Defendants Orland Township
and Cindy Murray*