**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-14656 |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge Andrea R. Wood |
| Defendants. | ) | |

**ORLAND HILLS DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**INTRODUCTION**

Plaintiffs' response [Doc. 37] simplifies this Court's analysis. They acknowledge they have not alleged any conduct by the Orland Hills Defendants while exercising power "possessed by virtue of state law and made possible only because [they were] clothed with the authority of state law," which is the essential "under color of state law" predicate for potential §1983 liability. *West v. Atkins*, 487 U.S. 42, 49 (1988). [Doc. 37 at 6]. As set forth in our opening memorandum [Doc. 29 at 6], this case is all about private conduct occurring at what might appropriately be termed a political "raucous caucus" in neighboring Orland Park. That is not the stuff of a Section 1983 case.

Plaintiffs concede that the December 3, 2024 Orland Township Together ("OTT") caucus was "not a government-sponsored event" and was conducted to nominate candidates for the April 2025 Orland Township election. [Doc. 1, ¶ 25; Doc. 37 at 6-7]. Instead, the Complaint alleges that Mayor Kyle Hastings appeared at the caucus, attempted to gain entry into a room, argued with Plaintiffs, and ultimately withdrew after learning Orland Park police would return to the building. [Doc. 1, ¶¶ 84-89]. Plaintiffs further allege an Orland Hills police officer drove the Mayor to the venue and accompanied him there. [Doc. 1, ¶ 80]. But there are no allegations that either Hastings or the escorting officer exercised any power made possible by their authority as Orland Hills officials.

Those allegations do not plausibly establish action under color of state law. Plaintiffs are attempting to convert private political activity into state action through labels, rhetoric, and conclusory conspiracy allegations.

Those labeling allegations do not satisfy the exacting requirements necessary to allege state action. "Faithful adherence to the 'state action' requirement…requires careful attention to the gravamen of the plaintiff's complaint' in order to identify "the specific conduct of which the plaintiff complains." *Blum v. Yaretsky,* 457 U.S.991, 1003-1004 (1982) [Cleaned up]. The Complaint falls far short of meeting this standard because it alleges only private conduct, and "Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v Sullivan*, 526 U.S. 40, 50 (19990). [Cleaned up].

Counts I-III therefore fail as a matter of law. The derivative *Monell* claim necessarily collapses as well, and the remaining state-law claims should be dismissed without prejudice.

2

## ARGUMENT

**I.     PLAINTIFFS STILL FAIL TO ALLEGE STATE ACTION BY ANY ORLAND HILLS DEFENDANT**

**A.     Revisiting Relevant Seventh Circuit Principles.**

Before focusing on the complaint's deficiencies, this reply summarizes relevant Seventh Circuit guidance principles, principles which were solidified in *Lindke v. Freed*, 601 U.S. 187, 196 (2024) (Public officials "are also private citizens").  For example, in *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989), the Court held that a game warden who reported threatening conduct to law enforcement was "functionally equivalent to . . . any private citizen" making a police report, and the Defendant's "status as a DNR official did not clothe him with greater authority" in that action "than any other citizen would possess."  *Id.* 880 F.2d at 972.  In *DiDonato v. Panatera*, 24 F.4th 1156, 1161 (7th Cir. 2022), the Court summarized that, in order to "plead that a Defendant acted under color of state law, a §1983 Plaintiff must allege that a Defendant's invocation of state authority in one way or another facilitated or enabled the alleged misconduct.  That the Defendant is a state employee is not enough."  A complaint must allege that "a public official's actions involved some inappropriate invocation or exercise of state authority"; otherwise, "there is no §1983 claim."  *Id.*

A straightforward application of these principles compels dismissal of all the federal claims against the Orland Hills defendants.

**B.  The Caucus was a private political event outside Orland Hills' jurisdiction.**

Plaintiffs concede that "the caucus was not a government-sponsored event."  [Doc. 37 at 3]. That concession is dispositive.  Internal political party proceedings are not transformed into governmental functions merely because elected officials attend or participate.  Plaintiffs' allegations describe partisan political activity, not matters of municipal governance.  Equally

3

significant, the caucus occurred in Orland Park, not Orland Hills. Plaintiffs have alleged no facts establishing that Orland Hills officials possessed any governmental authority at that location or that any Orland Hills municipal power extended into Orland Park.

The Complaint alleges no conduct by Mayor Hastings or Trustee Hastings II tied to official duties or powers of office. Plaintiffs do not allege that either Defendant invoked municipal authority, issued official commands, exercised police power, detained anyone, enforced any law, threatened official action, or purported to act on behalf of the Village during the caucus.

Instead, Plaintiffs allege only that Mayor Hastings attempted to force entry into a caucus room, verbally argued with Plaintiffs, and later retreated after learning Orland Park police would re-enter the venue. Those allegations describe private political conflict, not conduct under color of state law. The distinction matters. Section 1983 does not federalize every dispute involving elected officials. Public office alone does not convert private conduct into state action.

C.      Plaintiffs' "armed bodyguard" theory fails for multiple reasons.

Recognizing the absence of plausible state action, Plaintiffs' Response [Doc. 37 at 6] attempts to recast an unidentified Orland Hills officer as an "armed bodyguard" who allegedly projected governmental authority. [Doc. 37 at 6]. That assertion cannot save the day for Plaintiffs.

First, the Complaint alleges no such facts. The operative pleading states only that an officer drove Mayor Hastings to the venue and "accompanied" him. [Doc. 1, ¶ 80]. Plaintiffs allege no arrests, no detentions, no commands, no threats, no displays of police authority, no use of force, and no law-enforcement action whatsoever. A plaintiff cannot amend a complaint through arguments in a response brief. The Court's Rule 12(b)(6) analysis is confined to the allegations actually pleaded, and those allegations do not plausibly establish state action by any officer or municipal actor.

4

Second, as a matter of law any such assertions are insufficient because there is no basis to conclude that the escorting Orland Hills police officer had any official authority to do anything in Orland Park.

Plaintiffs repeatedly emphasize Defendants' political status and their alleged "power and influence." [Doc. 1, ¶¶ 21, 51, 59-68, 70-75, 80-89]. But titles are not state action. The Complaint does not plausibly connect the challenged conduct to any municipal authority, ordinance, custom, or governmental function of the Village of Orland Hills. Plaintiffs instead rely on generalized assertions that Defendants were politically influential officials. That is insufficient as a matter of law. Section 1983 required conduct undertaken under color of law, not merely conduct by individuals who happen to hold public office.

The Complaint itself underscores the absence of any governmental deprivation caused by the Orland Hills Defendants. Plaintiffs allege the caucus ultimately proceeded and that candidates were successfully nominated. [Doc. 1, ¶¶ 96-98]. Plaintiffs further allege subsequent election-board proceedings resulted in removal of a purportedly "fraudulent slate," that Plaintiffs appeared on the ballot, and that Plaintiff O'Grady ultimately prevailed in the election. These allegations confirm the absence of any plausible municipal deprivation tied to Orland Hills governmental authority.

### D. *Lindke* compels dismissal.

Finally, the Complaint and Plaintiffs' response arguments ignore the Supreme Court's teachings in *Lindke*. There is no state action absent the exercise of actual authority, and "[p]rivate action – no matter how 'official' it looks - lacks the necessary lineage." 601 U.S. at 198. *Lindke* concluded that because "Freed acted in his private capacity when he blocked Lindke and deleted

his [social media] comments, he did not violate Lindke's First Amendment rights – instead, he exercised his own." 601 U.S. at 197.

That's exactly what happened in this case. Accepting as it must the allegations regarding the actions and behaviors of the Orland Hills defendants at the OTT "raucous caucus," the Court should (i) find that their private actions did not violate Plaintiffs' First Amendment rights because these defendants were exercising their own First Amendment rights, and therefore (ii) dismiss Count I for failure to allege any actions taken under color of law.

## II. PLAINTIFFS' CONSPIRACY COUNT III CANNOT MANUFACTURE STATE ACTION

Plaintiffs' conspiracy allegations fare no better. A Section 1983 conspiracy requires factual allegations establishing: (1) an agreement to deprive constitutional rights; and (2) at least one overt act committed under color of state law. Plaintiffs plausibly allege neither.

The Complaint merely repackages the same caucus allegations and adds conclusory assertions that Defendants "used their authority." But Plaintiffs identify no facts showing that any Orland Hills Defendant exercised, or purported to exercise, municipal authority in furtherance of any conspiracy. As to the unidentified officer, Plaintiffs allege only driving and accompanying Mayor Hastings. There are no allegations of arrests, commands, enforcement activity, intimidation through police authority, or any other overt act under color of law. Absent a state-actor overt act, the conspiracy claim necessarily fails.

Nor can Plaintiffs salvage their claims through speculation about a "sequence of events." Allegations of political coordination or partisan alignment do not establish a "meeting of the minds" to misuse governmental power. Plaintiffs' theory improperly attempts to transform political maneuvering into constitutional conspiracy without factual allegations connecting the conduct to state authority.

6

### III. PLAINTIFFS' ATTEMPTS TO DISTINGUISH THE GOVERNING STATE-ACTION FRAMEWORK FAIL

Plaintiffs' attempt to avoid the governing state-action framework by arguing that generalized "custom or usage" or political status alone suffices. [Doc. 37 at 6]. It does not. The Complaint alleges no Orland Hills policy, custom, practice, ordinance, or governmental mechanism extending municipal authority to a private political caucus in Orland Park. Nor do Plaintiffs allege any intergovernmental agreement, delegated authority, or jurisdictional basis permitting Orland Hills officials to exercise municipal power there.

Indeed, the jurisdictional mismatch underscores the absence of state action. Plaintiffs seek to impose Section 1983 liability on Orland Hills officials for alleged conduct occurring outside the Village and unrelated to any municipal function. That theory exceeds the limits of Section 1983.

### IV. COUNT III (*MONELL*) FAILS AS A MATTER OF LAW

Plaintiffs' *Monell* claim necessarily fails because the Complaint does not plausibly allege either: (1) an underlying constitutional violation; or (2) municipal action causing such a violation. Plaintiff's *Monell* theory rests entirely on the conclusory assertion that Mayor Hastings acted as "final policymaker." But Plaintiffs plead no municipal policy, custom, practice, or official decision connected to any constitutional deprivation. Where there is no underlying constitutional violation committed under color of state law, there can be no *Monell* liability against the municipality. Accordingly, Count III must be dismissed.

### V. THE COURT SHOULD RELINQUISH SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

If the Court dismisses the federal claims, the remaining state-law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). The Seventh Circuit consistently

recognizes that where all federal claims are dismissed prior to trial, relinquishment of supplemental jurisdiction over pendent state-law claims is the ordinary course. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Because Counts I-III fail as a matter of law, the Court should dismiss Counts IV-X without prejudice to refiling in state court.

## CONCLUSION

The Complaint describes private partisan conduct at a political caucus in another municipality, not actions by the Orland Hills officials under color of law. The Complaint pleads no facts plausibly establishing that any Orland Hills Defendant exercised or purported to exercise governmental authority, and Plaintiffs' conclusory conspiracy allegations cannot manufacture state action where none exists.

Accordingly, the Orland Hills Defendants respectfully request that this Court dismiss Counts I–III with prejudice as against them, dismiss the *Monell* claim, relinquish supplemental jurisdiction over the remaining state-law claims, and grant such further relief as this Court deems just and proper.

Respectfully submitted,

**Village of Orland Hills, Mayor Kyle Hastings, and Trustee Kyle Hastings II**

By:    /s/ John B. Murphey
        John B. Murphey, Attorney

Burton S. Odelson (2090457)
John B. Murphey (1992635)
Kelly A. Krauchun (6322639)
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708.424.5678
attyburt@omfmlaw.com
jmurphey@omfmlaw.com
kkrauchun@omfmlaw.com

s/Lance E. Neyland
Lance E. Neyland (6331171)
*For the Village of Orland Hills*
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Tel: 847.291.0200
lneyland@ifmklaw.com