**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) |
| Plaintiffs, | ) Case No. 25-cv-14656 ) |
| vs. | ) ) ) Judge Andrea R. Wood |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their individual and official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) Magistrate Judge Laura K. McNally ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

**TOWNSHIP DEFENDANTS' REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS**

NOW COME the Defendants, CLERK CINDY M. MURRAY and ORLAND

TOWNSHIP, by and through their attorneys, MICHAEL D. BERSANI and JASON R.

BLUMENTHAL of HERVAS, CONDON & BERSANI, P.C., and submit this reply

memorandum of law in support of their motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6).

**ARGUMENT**

I.     **PLAINTIFFS FAIL TO ALLEGE A § 1983 FIRST AMENDMENT**
       **RETALIATION OR CIVIL CONSPIRACY CLAIM AGAINST THE**
       **TOWNSHIP DEFENDANTS**

Plaintiffs confirm that there are two very limited factual bases in their Complaint

supporting § 1983 state action relating to Township Clerk Murray – an alleged failure to send an

election notice and the use of police presence at the caucus (Pltfs. Resp., DE 37, p. 1). As discussed below and in their initial memorandum of law in support of their motion to dismiss, Plaintiffs' Complaint fails to provide factual content supporting a plausible claim.

Plaintiffs acknowledge that "[i]n determining whether a defendant's conduct can be attributed to the state, courts look to the source of the defendant's power." (Pltfs. Resp., DE 37, p. 6). This begs the question: what state power did Murray exercise in allegedly withholding the notice? When challenged to identify the source of the alleged power, Plaintiffs are noticeably silent (Pltfs. Resp., DE 37, pp. 13-14). They fail to identify any statute or ordinance that required such a notice to be sent or explain plausibly how Murray engaged in state action by allegedly withholding a notice that she was not required to send. This is fatal to their claim.

Their Complaint is also completely devoid of any factual content that connects Murray to the use of police presence at the caucus. Plaintiffs cite no source of power that Murray exercised or even could have exercised to bring the police to the caucus. Murray was the Township Clerk. The yet unidentified police officer Defendant was from the Village of Orland Hills. Furthermore, there is no factual content alleged in the Complaint that connects Murray in any private capacity to the presence of the police at the caucus.

Plaintiffs effectively concede this point in responding to the motion to dismiss. They instead pivot to an argument that Murray was a private actor who engaged in civil conspiracy with state actors. i.e., Orland Hills Defendants, to use police presence at the caucus (Pltfs. Resp., DE 37, p. 10). But none of that is alleged in the Complaint. While the Complaint alleges that Defendant-Mayor Kyle Hastings arrived with an Orland Hills police officer and had verbal confrontations inside and outside the venue accompanied by the officer (Compl., DE 1, ¶¶ 79-95), there is no factual content whatsoever linking or connecting Murray with that activity. There is no

allegation that Murray knew the officer, met with him or Hastings, agreed to the use of a police presence, or engaged in any overt acts related to the use of a police presence. At best, the Complaint contains bare conclusions of a conspiracy which are insufficient to survive a motion to dismiss. *See Mary Jane Sweet Spot, LLC v. City of Blue Island,* 2024 WL 1363535, *11 (N.D. Ill. 3/29/24).

That leaves Murray's presence and alleged activities at the caucus. Plaintiffs fail to respond to Murray's argument that she too was a candidate for reelection and was engaged in First Amendment conduct of her own. *See Krupa v. Quinn*, 596 F. Supp. 3d 1127, 1138 (N.D. Ill. 2022) (running or campaigning for office is private action unrelated to official duties). Plaintiffs fail to plausibly identify how her presence at the caucus was fairly attributable to the exercise of any of her duties as Township Clerk. *See Reardon v. Danley*, 74 F.4th 825, 828 (7th Cir. 2023) (affirming dismissal of § 1983 First Amendment claim because complaint contained no allegations that defendant's removal of campaign yard sign was related to his position as county board member or that he possessed or exercised any state authority).

Finally, even if Plaintiffs could allege sufficient facts supporting state action, they conceded that they were able to caucus and appear on the ballot despite the alleged acts or omissions of Murray and other Defendants. At most, therefore, any of the alleged acts or omissions by Murray amount to nothing more than ineffective attempts to keep someone off the ballot. "[A]n attempt to deprive a right is not enough." *Krupa,* 596 F. Supp. 3d at 1141. A § 1983 claim requires an actual deprivation, and no such deprivation occurred here by way of any state action allegedly taken by Murray.

## II.  PLAINTIFFS' OFFICIAL CAPACITY CLAIM AGAINST MURRAY SHOULD BE DISMISSED

Plaintiffs argue that by suing Defendant Murray in her official capacity they have alleged a *Monell* claim[1] against the Township and asserted that the Township itself owed notice and injured Plaintiffs acting through Murray (Pltfs. Resp., DE 37, p. 13, fn. 5). But is just another way of alleging *respondeat superior* liability against the Township, which is absolutely prohibited under *Monell.* 436 U.S. at 691. It is only when the municipality itself, through its own policies or customs, caused the constitutional injury at issue that § 1983 municipal liability is incurred. *Id.* at 694-95.

Plaintiffs allege no such claim here. Counts I and II are brought against the individual Defendants (Compl. DE 1, ¶¶ 121, 129), Count III is a *Monell* claim[2] brought against Defendant Mayor Hastings in his official capacity and the Village of Orland Hills (Compl., DE 1, ¶¶ 130-135), and the remaining counts IV through X allege state law violations. There are zero allegations in the Complaint alleging that the Township had an unconstitutional policy, practice, or custom that caused their alleged injuries. Their attempt to amend their pleading in  response to a motion to dismiss, through a footnote no less, is improper. The only plausible claim pled against Orland Township is state law indemnification (Compl., DE 1, Count X). The claim against Defendant Murray in her official capacity is duplicative of that claim and should be dismissed.

## III.  PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE WILLFUL AND WANTON CLAIM UNDER ILLINOIS LAW

In their motion to dismiss, the Township Defendants argued that Plaintiffs' Complaint contained no factual allegations supported a duty of care, and that their allegations amounted to nothing more than a bare conclusion which does not satisfy the plausibility standard set forth in

---

[1] *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978).
[2] *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978).

*Iqbal* and *Twombly.* In response, Plaintiffs fail to directly address this argument. Having failed to address the duty element, their claim fails as a matter of law.

## **CONCLUSION**

For the reasons stated above, the Defendants Orland Township and Cindy Murray respectfully ask that this Court grant their motion to dismiss.

Respectfully submitted,

**/s/Michael D. Bersani**
MICHAEL D. BERSANI, Bar # 06200897
JASON R. BLUMENTHAL, Bar #06332469
Attorneys for Defendants Murray and Orland
Township
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156   P:  630-773-4774
mbersani@hcbattorneys.com
jblumenthal@hcbattorneys.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiffs, | ) | Case No. 25-cv-14656 |
| vs. | ) ) | |
| | ) | Judge Andrea R. Wood |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE R. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their Individual and official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Laura K. McNally

JURY TRIAL DEMANDED |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, I electronically filed the foregoing **Township Defendants' Reply Memorandum of Law in Support of their 12(b)(6) Motion to Dismiss** with the Clerk of the U.S. District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification to the CM/ECF participants; thereby caused all counsel of record to be served a copy of the same.

**s/Michael D. Bersani**
MICHAEL D. BERSANI, Bar #06200897
JASON R. BLUMENTHAL, Bar #06332469
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
mbersani@hcbattorneys.com
jblumenthal@hcbattorneys.com

6