Case No. 1:25-cv-14656

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER,

*Plaintiffs,*

v.

ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE E. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their official capacities, THE VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP,

*Defendants.*

## SENATOR MICHAEL E. HASTINGS' REPLY IN SUPPORT OF
## MOTION TO DISMISS THE COMPLAINT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Honorable Andrea R. Wood

Respectfully submitted,

Ryan B. Jacobson, Esq. (ARDC No. 6269994)
Danessa P. Watkins, Esq. (ARDC No. 6314234)
AMUNDSEN DAVIS, LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
Phone: (312) 894-3252
rjacobson@amundsendavislaw.com
dwatkins@amundsendavislaw.com

*Counsel for Defendant, Senator Michael E. Hastings*

NOW COMES, the Defendant, Senator Michael E. Hastings ("Sen. Hastings"), and respectfully submits the following in further support of his Motion to Dismiss the Complaint with prejudice pursuant to Rule 12(b)(6):

## LEGAL ANALYSIS ON REPLY

Plaintiffs have misconstrued the standard of review on a Rule 12(b)(6) motion. *See* Dkt. #37, p. 5. While plaintiffs are afforded deference at the pleading stage, "[t]he allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions." *Bruno v. Global Experience Specialists, Inc.*, No. 19-cv-06710, 2020 WL 5253139, 2020 U.S. Dist. LEXIS 161374, at *4 (N.D. Ill. Sep. 3, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Even a claim of conspiracy, shrouded in mystery by design, "requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Hernandez v. Dart*, 635 F. Supp. 2d 798, 810 (N.D. Ill. 2009) (quoting *Brooks v. Ross,* No. 08 C 2417, 2008 U.S. Dist. LEXIS 96117, 2008 WL 5082995, at *7 (N.D. Ill. Nov. 25, 2008)); *see also, Scott v. University of Chicago Medical Center*, 107 F.4th 752, 758-59 (7th Cir. 2024). Where a pleading is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under the Federal Rules of Civil Procedure, . . . a dismissal of the complaint is proper." *Agnew v. National Collegiate Athletic Asso.*, 683 F.3d 328, 334 (7th Cir. 2012).

Here, the Complaint does not set forth a sufficient factual foundation to draw the inferences necessary survive dismissal. Plaintiffs attempt to remedy the problem by advancing novel theories on response that far exceed the "flexibility" to "elaborate" on well-pleaded facts, as recognized in *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012). *See* Dkt. #37, p. 5 (citing *Geinosky*, 675 F.3d at 745, n.1). The *Geinosky* decision does not give plaintiffs *carte blanche* to present new facts during motion practice to supplement a deficient pleading. *Bruno*, 2020 U.S. Dist. LEXIS 161374, at *6-8 (distinguishing *Geinosky,* where the Seventh Circuit considered an external news story in reversing a 12(b)(6) dismissal because the article was *consistent with facts pled in the complaint* that revealed a pattern

of defendants' unjustified conduct). Rather, "[i]t is an 'axiomatic rule that a plaintiff may not amend his complaint in his response brief.'" *Devore v. McCombie*, No. 1:25-cv-00323, 2025 WL 2696304, 2025 U.S. Dist. LEXIS 185704, at *6 (N.D. Ill. Sep. 22, 2025) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)).

To that end, Plaintiffs have grossly misrepresented their own pleading. By way of example, material allegations that are pleaded "upon information and belief" in the Complaint appear in Plaintiffs' response brief as definitive statements of fact. *Compare* Dkt. #37, pp. 2-3 (citing FAC ¶¶ 27, 54, 91, 95, 100-01), *with* Dkt. #1, ¶¶ 27, 54, 91, 95, 100-01. Plaintiffs' desperate efforts to avoid dismissal are on full display, and Sen. Hastings cannot be deemed to have "forfeited" arguments on theories that cannot be extrapolated from the Complaint.

For the numerous reasons advanced in the opening memorandum and herein, dismissal with prejudice should be entered for Sen. Hastings on all pending causes of action.

**I.      PLAINTIFFS CANNOT SUSTAIN THEIR CLAIMS UNDER § 1983**

**A.  Sen. Hastings Was Not Acting Under Color Of Law.[1]**

Plaintiffs miss the mark in attempting to distinguish *Lindke v. Freed*, 601 U.S. 187 (2024). Dkt. #37, p. 19. *Lindke* reflects the requisite § 1983 analysis regardless of whether First Amendment rights are infringed upon online or offline. 601 U.S. at 198 & 201-02 (applying the same standard to "a hypothetical from the offline world"). The Court must engage in a fact-specific inquiry to determine whether Sen. Hastings "(1) possessed actual authority to speak [or act] on the State's behalf, and (2) purported to exercise that authority when he" engaged in the alleged speech and conduct. *Id.* at 198.[2] Plaintiffs have not and cannot overcome this threshold showing, which sounds

---

[1]      To help orient the Court, Sen. Hastings opening arguments on this issue are advanced at Dkt. #34, brief pp. 4-8 at Legal Argument § I.A., and Plaintiffs' response is at Dkt. #37, pp. 14-18 at Argument § I.B.2.

[2]      Applying *Lindke*, this District Court just recently dismissed with prejudice a § 1983 violation of First Amendment rights claim brought against an Illinois State Representative for blocking the plaintiff's comments on his Facebook account. *DeVore v. McCombie*, No. 1:25-cv-00323, 2026 WL 1283880, 2026 U.S. Dist. LEXIS 103452, at *1-3 (N.D. Ill. May 11, 2026) (J. Rowland). The amended pleading attached copies of the defendant-legislator's posts reflecting that he

2

the death knell to Counts I, II, III and IV. *See* Dkt. #34, p. 11, § II (regarding the requisite dismissal of the state law claims under Counts III and IV if the federal claims fail); Dkt. #37, p. 25, § II (Plaintiffs do not refute Defendants' arguments to this end).

Sen. Hastings' alleged speech and conduct at-issue includes:[3]

1) Attempting to enter the caucus without following the check-in process, Dkt. #1, ¶¶ 59-60, 66;
2) Guiding a mob of people into the venue lobby and asserting he was their lawyer and they did not need to register, *id.* at ¶¶ 63-64;
3) Trying to convince Orland Park Police that he was legally permitted to enter, *id.* at ¶ 70;
4) Blocking the caucus entrance and disregarding police orders to leave, *id.* at ¶¶ 77-78, 93;
5) Causing confusion and directing people to pledge support for a "fraudulent slate" of rival candidates, *id.* at ¶¶ 93-94.

Plaintiffs have not identified a single statutory source that authorized Sen. Hastings to engage in the pleaded acts. *See Lindke*, 601 U.S. at 198. Moreover, every claim against Sen. Hastings in his official capacity must fail because he is not pled to be a final policy maker in Orland Hills, Orland Township, or Orland Park -- especially relative to a political caucus.

Plaintiffs' citation to the General Assembly Compensation Act is confusing, at best. Dkt. #37, pp. 14-15. Section 4 of the Act applies to the approval of expenditures, but expressly limits a Senator's authority to spending "in connection with his or her legislative duties and not in connection with any political campaign." 25 ILCS 115/4. The Complaint expressly alleges that the caucus was a political event, and that Sen. Hastings engaged in conduct to disrupt his "rival political party, from successfully assembling, speaking, and voting for their slate of candidates." Dkt. #1, ¶¶ 2, 22-23, 30, 43, 76. Plaintiffs make no attempt to explain what "legislative duties" Sen. Hastings was purportedly engaged in, let alone how Section 4 has any relevance to the § 1983 analysis where the

---

"regularly used Facebook to provide updates on legislative matters and to communicate with constituents." *Id.* at *9. Notwithstanding, the Court held plaintiff could not "identify any written law or longstanding custom that gives Defendant actual authority to speak on behalf of the state" in the manner alleged, thereby rendering § 1983 liability implausible. *Id.*

3 Each numbered description of the Complaint allegations is hereinafter referenced as "Fact 1," "Fact 2," etc.

Act expressly carves out political campaigns. 25 ILCS 115/4. This Court may also take note that Plaintiffs purport to cite to "25 ILCS 115/6" -- a statute that does not exist. Dkt. #37, p. 15.

Next, Plaintiffs misapply the law to the facts when attempting to argue that "custom" cloaked Sen. Hastings with state authority. *Id.* For § 1983 liability to attach, a defendant "must have actual authority rooted in written law or *longstanding* custom to speak for the State," *and*, "[t]hat authority *must* extend to speech of the sort *that caused* the alleged rights deprivation." *Lindke*, 601 U.S. at 201 (emphasis added). Plaintiffs have not pled facts (nor offered any argument) supporting a finding that a longstanding custom "imbued the Senator with state authority" to engage in the pleaded conduct. Dkt. #37, p. 15; *see Lindke*, 601 U.S. at 201. Their empty reliance on custom should be disregarded.

Plaintiffs put particular emphasis on Fact 3, as listed *supra* at p. 3. Dkt. #37, pp. 15-16. However, that the Orland Park Police conducted due diligence in speaking with the venue owner before denying entry to Sen. Hastings does not support the reasonable inference that Sen. Hastings was a state actor. *Id.* at 16; Dkt. #1, ¶¶ 75-76. Plaintiffs' conclusion is directly undermined by the fact that the Orland Park Police subsequently directed Sen. Hastings to leave the venue because the caucus was not a government-sponsored event -- an order he inevitably followed. *Id.* at ¶¶ 76-77, 93. The Complaint therefore concedes that, under the pleaded circumstances, Sen. Hastings wielded *no* authority in his capacity as a State legislator to disrupt a political caucus. *See* Dkt. #37, pp. 16-17 (citing *Teta v. Packard*, 959 F. Supp. 469, 475 (N.D. Ill. 1997), for the relevant finding that a "defendant did not act under color of law where there was 'no evidence that his status . . . gave [him] any greater authority' to carry out the conduct"). Moreover, there is no allegation that Sen. Hastings ever issued any demand, instruction, order or otherwise to any police officer on scene.

Regarding the other pled conduct (Facts 1, 2, 4 and 5, *see supra* at p. 3), Plaintiffs contend that Sen. Hastings' refusal to follow the caucus rules or to simply protest outside the venue makes it

4

disingenuous for him to claim he was engaging in private conduct. Dkt. #37, p. 16. Plaintiffs cite no authority for the contention that mere noncompliance with rules or laws is indicative of state authority. Rather, only when an individual misuses his or her power *possessed by virtue of state law* will state action attach to such misconduct. *Lindke*, 601 U.S. at 199-200 (collecting cases). Simply stated, "[t]o misuse power . . . one must possess it in the first place." *Id.* at 200. Again, the Complaint is devoid of facts regarding Sen. Hastings' state authority to engage in any of the conduct alleged. *See Wilson v. Price*, 624 F.3d 389, 393 (7th Cir. 2010) ("When officials possess no authority to act, . . . their conduct is outside the ambit of § 1983"); *Mackey v. Rising,* 106 F.4th 552, 561-62 (6th Cir. 2024) ("Unlike police officers, legislators generally lack the power to wield the State's monopoly on the use of force"); *DeVore*, 2026 U.S. Dist. LEXIS 103452, at *8 ("Courts applying *Lindke* generally require an explicit and narrow creation of authority, rather than one that is deduced or extrapolated from general duties of legislators").

At bottom, Plaintiffs' claim that they have "numerous allegations" that Sen. Hastings acted under color of law is unsubstantiated. The Complaint speaks for itself and it is woefully deficient. Dismissal with prejudice should be entered on Counts I, II, III, and IV.

### B. Plaintiffs Were Not Deprived Of Any Constitutional Rights.[4]

Even if Plaintiffs could establish that Sen. Hastings was acting under color -- which they cannot -- Counts I, II, III, and IV would still be legally deficient where Plaintiffs have not pled that Sen. Hastings deprived them of a constitutional or federal right. *Fries v. Helsper*, 146 F. 3d 452, 457 (7th Cir. 1998). Plaintiffs declined to address Sen. Hastings' argument under *Tarpley v. Keistler*, 188 F.3d 788 (7th Cir. 1999), that Courts will not accord a remedy to a plaintiff that stifles a defendant's competing constitutional right in political speech and association. Dkt. #34, p. 10; *see also, O'Dekirk v. Roechner,* No. 23-cv-4658, 2025 WL 524149, 2025 U.S. Dist. LEXIS 28319, at *15 (N.D. Ill. Feb. 18,

---

[4]    Sen. Hastings arguments on this issue are advanced at Dkt. #34, brief p. 9, Legal Argument § I.B., and Plaintiffs' response is at Dkt. #37, pp. 21-25, Argument § I.C.

2025) (quoting *Munoz-Feliciano v. Monroe-Woodbury Central School District*, No. 13-CV-4340 (CS), 2015 WL 1379702, at *12, 2015 U.S. Dist. LEXIS 38696, at *29 (S.D.N.Y. Mar. 25, 2015)) ("All of this is to say that 'more is fair in electoral politics than in other contexts'"); *Gonzales v. Madigan*, 990 F.3d 561, 564 (7th Cir. 2021) ("[v]oters rather than judges must decide when one side has gone overboard"). Plaintiffs have waived any response to this argument.

Further, Plaintiffs' brief recites general legal theories and selective case law quotations without any analysis as to the applicability of the authorities to the facts before this Court. *See, e.g.,* Dkt. #37, p. 24 (citing *McDonough v. City of Chicago*, 743 F. Supp. 2d 961 (N.D. Ill. 2010) (former employee alleging years of retaliation and harassment by his employer for speech regarding matters of public concern); *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009) (prisoner alleging First Amendment retaliation for serving as a sworn witness in a wrongful death case against prison officials)). These decisions do not relieve Plaintiffs of asserting facts supporting a constitutional injury or standing under § 1983. No amount of amendment can cure these pleading deficiencies given the underlying circumstances, providing an additional basis for dismissal with prejudice of Counts I, II, III, and IV.

### C. **Plaintiffs' § 1983 Conspiracy Claim Is Equally Implausible.**[5]

Plaintiffs cannot survive dismissal of their conspiracy claim by misrepresenting their own pleading. Most glaring is Plaintiffs' heavy reliance on the unnamed Defendant Officer for the Village of Orland Hills ("Defendant Officer") for purposes of establishing state action. Dkt. #37, pp. 7-10. The Complaint is completely devoid of facts supporting Plaintiffs' newly-asserted conclusions that:

1) the Defendant Officer at all times "had the authority to act on behalf of the State,"
2) the Orland Park Police on scene made no attempt to stop the Defendant Officer from bodyguarding the Mayor,
3) the Defendant Officer "used [his state power] to facilitate the actions of his co-conspirator, the Mayor," and
4) "together, [the Mayor and Defendant Officer] joined the other Defendants at the event."

---

[5] Sen. Hastings arguments on Count II are advanced at Dkt. #34, brief pp. 9-11, Legal Argument § I.C., and Plaintiffs' response is at Dkt. #37, pp. 6-12, Argument § I.A.

*Id.* at pp. 9-10.

Nowhere in the Complaint do Plaintiffs allege that the Defendant Officer was cloaked with state authority or engaged in any conduct purporting to exercise such authority. To the contrary, Plaintiffs allege the Defendant Officer "lacked jurisdiction in Orland Park, where the venue was located." Dkt. #1, ¶ 81. Plaintiffs seemingly understood that the Defendant Officer was without any legal authority because they "locked arms in an attempt to prevent Defendant-Mayor Hastings and the Orland Hills police officer from physically overpowering the proceedings and entering the caucus room by force." *Id.* at ¶ 85. Plaintiffs' pleaded conduct of physically refusing entry through a "Red Rover" line-up are not the actions of individuals who reasonably fear a police officer's power by virtue of state law. Additionally, the Complaint does not plead facts to conclude that the Defendant Officer *ever* came in contact on scene with the Orland Park Police -- the law enforcement officers who possessed jurisdictional authority. Plaintiffs allege the Defendant Mayor (and presumably his bodyguard, Defendant Officer) left the caucus room entrance upon "learn[ing] that the Orland Park Police were about to reenter the building." *Id.* at ¶ 89. Thus, Plaintiffs' new inference that Orland Park Police showed any deference to the Defendant Officer is absolutely unsupported.

Plaintiffs' cited precedent does not alter the result. Many of the cases involve a plaintiff being unlawfully seized (arrested) by a defendant officer, firmly establishing the prong of a state actor enforcing his authority. *See* Dkt. #37, pp. 8-11; *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150-52 (1970); *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985); *Davis v. Murphy*, 559 F.2d 1098, 1099-1101 (7th Cir. 1977). Ultimately, "[d]eciding whether a police officer acted under color of state law should turn largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties." *Pickrel*, 45 F.3d at 1118. Here, the Defendant

7

Officer's mere presence on site, even if he served as a bodyguard for the Defendant Mayor, is plainly insufficient to deem him a state actor acting under color of law.

Specific to the present movant, Plaintiffs' conclusions that Sen. Hastings was engaged in a conspiracy with any of the Defendants, and that he *enlisted* or *deployed* the Defendant Officer to serve as an *intimidator* and bodyguard for the Mayor Defendant are unsupported and insufficient as a matter of law. Dkt. #37, pp. 2, 11-12. The only common denominator between all of the identified Defendants that is supported by the Complaint allegations is that they were politically opposed to Plaintiffs. Dkt. #1, ¶¶ 1-2, 7-12, 14-15, 21-22. However, pursuant to established precedent, "[m]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1084 (N.D. Ill. 2015) (citing *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)).

The decisions Plaintiffs rely on to argue a § 1983 conspiracy was sufficiently pled include complaints with considerably more factual details regarding the defendants' conduct in furtherance of their alleged agreement. *See* Dkt. #37, p. 12; *Salaita*, 118 F. Supp. 3d at 1084-85; *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985). In the present Complaint, the facts are disjointed regarding each Defendants' alleged actions at various times, in diverse forums, and through unique means. Plaintiffs' pleading cannot support a reasonable inference of a meeting of the minds and shared understanding to deny Plaintiffs' constitutional rights. *See Scott*, 107 F.4th at 758 ("there must have been a real agreement--explicit or implicit--between the parties," as, "[m]erely working in parallel toward 'a common goal' is not the same as conspiring together"). As pled, not once did Sen. Hastings directly engage with any other Defendant during the complained-of occurrences -- the sole exception being that the Defendant Mayor putting Sen. Hastings (his son) on speakerphone to talk to Plaintiff O'Grady while the Mayor was attempting to gain entry to the caucus. Dkt. #1, ¶ 86. Following an exhaustive search, the defense is pressed to locate case law where a § 1983 conspiracy

8

was established by a son supporting his father during a physical altercation with a political adversary. None exists.

Plaintiffs have not pled a viable claim under Count II, and dismissal should be entered with prejudice.

## II.     O'GRADY HAS NO LEGAL CLAIM FOR DEFAMATION OR FALSE LIGHT

Contrary to Plaintiff O'Grady's bald accusation, Sen. Hastings has relied exclusively on the Complaint allegations in formulating his speech-based defenses. Plaintiff's pleading is legally and factually insufficient, and his response brief does not transform nonactionable speech into a viable claim.

Sen. Hastings properly submitted the December 4, 2024 Chicago Tribune article to the Court because said publication is repeatedly referenced as the source of Sen. Hastings' allegedly false and defamatory statements about O'Grady. Dkt. #1, ¶¶ 108, 149, 158; *see* Dkt. #34-1. O'Grady does not dispute that this Court must evaluate the alleged offending words within their context by considering the subject article. *See* Dkt. #34, p. 12 (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)). Nor does he object that the Chicago Tribune article reflects that Sen. Hastings did not make two of the three allegedly defamatory comments (Statements 2 & 3), as O'Grady mistakenly alleges. *Id.* at p. 14; Dkt. #34-1. As a matter of law, Sen. Hastings cannot be held liable for defamation or false light for statements that he did not utter pursuant to the subject publication. *Id.*; *see Evanger's Cat & Dog Food Co. v. Thixton*, 412 F. Supp. 3d 889, 896 (N.D. Ill. 2019) (elements of defamation); *Basile v. Prometheus Global Media*, 225 F. Supp. 3d 737, 744 (N.D. Ill. 2016) (elements of false light).

As for Statement 1, the Chicago Tribune article supports an application of the innocent construction rule. Dkt. #34, pp. 13-14; Dkt. #34-1. Pursuant to Seventh Circuit precedent, this Court should not engage in the "competing constructions" analysis that O'Grady advances. *Lott v.*

9

*Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (citing *Tuite v. Corbitt*, 866 N.E.2d 114, 122 (Ill. 2006)). As the publication confirms that Sen. Hastings' words are subject to a "reasonable, nondefamatory interpretation," that reading "is the one that sticks." *Id.*

Finally, this Court may deem that O'Grady has waived his argument supporting the special damages element of defamation *per se* by electing to mention it in passing in a footnote. Dkt. #37, p. 30; *Long v. Teachers' Retirement System of Illinois*, 585 F.3d 344, 349 (7th Cir. 2009). But even if considered, O'Grady's position fails. *See* Dkt. #34, pp. 14-15. Pecuniary loss resulting from Sen. Hastings' alleged defamatory words must be pled with specificity. *Id.* at 14 (citing *Socorro v. IMI Data Search, Inc.*, No. 02 C 8120, 2003 WL 1964269, 2003 U.S. Dist. LEXIS 7400, at *6 (N.D. Ill. Apr. 28, 2003)). O'Grady's barebones allegations are insufficient at law.

For all the reasons set forth herein and in the opening brief, dismissal with prejudice is required on Counts VI and VII.

## III.  SEN. HASTINGS' ALLEGED CONDUCT WAS NOT WILLFUL AND WANTON[6]

Plaintiffs' response fails to address the deficiencies in Count VIII. Despite alleging "Willful and Wanton Conduct" against all Defendants under a single count, Plaintiffs have not pled Count VIII as a conspiracy claim. Dkt. #1, ¶¶ 163-66. Plaintiffs have not and cannot establish the elements of the tort based on Sen. Hastings' alleged conduct of disrupting a caucus. For the reasons set forth in the opening brief, Count VIII should be dismissed with prejudice. *See* Dkt. #34, p. 15.

### CONCLUSION

No amount of amendment to the Complaint could cure the underlying facts, which cannot support any of the causes of action pleaded against Sen. Hastings. Accordingly, Plaintiffs' Complaint against the present movant should properly be dismissed *with prejudice. Evanger's Cat &*

---

[6]  Sen. Hastings arguments on Count VIII are advanced at Dkt. #34, brief p. 15, Legal Argument § IV, and Plaintiffs' response is at Dkt. #37, pp. 26-27, Argument § II.A.

*Dog Food Co. v. Thixton*, 412 F. Supp. 3d 889, 906 (N.D. Ill. 2019) (confirming claims may be dismissed with prejudice, without the opportunity for amendment, when "they do not appear to be fixable via amended allegations").

WHEREFORE, for the reasons set forth above, in the Motion to Dismiss (Dkt. #33), and Memorandum of Law (Dkt. #34), the Defendant, Senator Michael E. Hastings, respectfully prays that this Court dismiss with prejudice all causes of action pled against him and enter any additional relief this Court deems just and proper under the circumstances.

Respectfully submitted,

Danessa P. Watkins
*One of the attorneys for*
*Senator Michael E. Hastings*

Ryan B. Jacobson, Esq. (6269994)
Danessa P. Watkins, Esq. (6314234)
AMUNDSEN DAVIS LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
Jacobson Direct: (312) 894-3252
Watkins Direct: (312) 894-3376
rjacobson@amundsendavislaw.com
dwatkins@amundsendavislaw.com

11