**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:25-cv-14656 |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE E. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) | Honorable Judge Andrea R. Wood |
| Defendants. | ) ) ) | Jury Trial Demanded |

**ORLAND HILLS DEFENDANTS' MOTION TO QUASH
SUBPOENA TO ORLAND HILLS POLICE DEPARTMENT**

Defendants, Mayor Kyle Hastings, Trustee Kyle Hastings II, and the Village of Orland

Hills (collectively "Orland Hills Defendants"), by and through their attorneys, Odelson, Murphey,

Frazier & McGrath, Ltd., and Lance E. Neyland, IFMK Law, Ltd., pursuant to F.R.C.P. 26 and 45,

respectfully move to quash the subpoena issued by Plaintiff to the Orland Hills Police Department

because the subpoena exceeds the scope of the limited discovery authorized by this Court. In

support thereof, Orland Hills Defendants state as follows:

**INTRODUCTION**

The Court expressly limited discovery to a discrete issued: namely, "[F]or the reasons

stated on the record, the Court stays merits discovery until further order of the Court. However,

Plaintiff may conduct discovery for the limited purpose of identifying and facilitating service on

the as yet unidentified Defendants." (Dkt. 36). Despite that limitation, Plaintiff served a subpoena on the Orland Hills Police Department seeking broad categories of documents and information that extend far beyond the subject matter authorized by the Court.

The subpoena is an impermissible attempt to obtain merits discovery under the guise of limited-purpose discovery. Because the requests exceed the scope of the Court's order, impose unnecessary burden, and seek information irrelevant to the narrow issue before the Court, the subpoena should be quashed pursuant to Rules 26(b)(1) and 45(d)(3).

Moreover, the subpoena is unnecessary because the Orland Hills Defendants have already disclosed the identity of the only Orland Hills police officer known to have been present at the Orland Chateau on December 3, 2024, produced eighty-four (84) responsive documents, and supplemented their responses by identifying Officer Joshua J. Patton as the officer believed to be depicted in Plaintiffs' photograph.

The Orland Hills Defendants attempted to resolve this issue with Plaintiff's counsel on May 26, 2026 by informing counsel that the subpoena was improper, that the Orland Hills Defendants had already satisfied the limited scope of discovery, and asking them to withdraw the subpoena for these reasons. However, Plaintiff's counsel refused to withdraw the subpoena. Thus, the Orland Hills Defendants are forced to file this motion.

## BACKGROUND

1. On March 19, 2026, at the initial court status hearing in this matter, the Court entered an order permitting limited discovery concerning the identity of the as-yet unnamed Defendants.

2. The Court's order expressly stated, "[F]or the reasons stated on the record, the Court stays merits discovery until further order of the Court. However, Plaintiff may conduct

2

discovery for the limited purpose of identifying and facilitating service on the as yet unidentified Defendants." (Dkt. 36).

3.    On April 2, 2026, Plaintiffs issued their Preliminary Interrogatories and Preliminary Requests for Production to all Defendants; and, on May 5, 2026 Orland Hills Defendants responded to both.

4.    On May 15, 2026, Plaintiff served a subpoena on the Orland Hills Police Department.  See copy of the subpoena attached hereto as Exhibit "A".

5.    The subpoena seeks, the following categories of information:

   a.  "Provide any documents in your possession, custody, or control relating to the identity of any police officers who were on duty during the caucus event on December 3, 2024."

   b.  "Provide any documents in your possession, custody, or control relating to the identity of any police officers who were present at the Orland Chateau banquet hall on December 3, 2024."

6.    These requests bear little or no relationship to the narrow issue for which discovery was authorized.

## LEGAL STANDARD

Rule 45 requires a court to quash or modify a subpoena that subjects a person to undue burden or seeks information outside the permissible scope of discovery.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  The permissible scope of discovery is defined by Rule 26(b)(1), which limits discovery to matters relevant to a party's claim or defense and proportional to the needs of the case.

Where a court has authorized only limited discovery, parties may not use subpoenas to

circumvent those limitations or obtain broader merits discovery. Seventh Circuit authority does not offer a bright-line definition of what separates identification discovery from merits discovery during a stay, but several principles emerge from the case law: Identification discovery is discovery whose *sole function* is to name the defendant so that service can be effectuated and personal jurisdiction established. *Rodriguez* characterizes it as the limited tool of pretrial discovery used "to discover the defendants' identity." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009). *Sanberg* describes it as "evidence which may lead to the identification of the John Doe defendants." *Sanberg v. Daley*, 306 F.Supp. 277, 279, n.5 (N.D. Ill. 1969).

## ARGUMENT

### I. THE SUBPOENA EXCEEDS THE SCOPE OF THE LIMITED DISCOVERY EXPRESSLY AUTHORIZED BY THE COURT

The Court's March 19, 2026 Minute Order could not have been clearer. The Court expressly stayed merits discovery and permitted only a narrow exception: "For the reasons stated on the record, the Court stays merits discovery until further order of the Court. However, Plaintiff may conduct discovery for the limited purpose of identifying and facilitating service on the as yet unidentified Defendants." (Dkt. 36). Thus, the only discovery authorized by the Court was discovery necessary to identify unnamed defendants so that service could be effectuated and personal jurisdiction established. Discovery extending beyond that limited purpose is prohibited.

Plaintiffs' subpoena to the Orland Hills Police Department seeks:

1. Documents relating to the identity of any police officers who were on duty during the caucus event on December 3, 2024; and

2. Documents relating to the identity of any police officers who were present at the Orland Chateau banquet hall on December 3, 2024.

These requests are not tailored to identifying unnamed defendants. Instead, they broadly seek

4

information concerning "any police officers" who may have been on duty or present, regardless of whether such officers are alleged to have participated in any conduct at issue or are potential unnamed defendants. The subpoena therefore seeks information far beyond the narrow identification discovery authorized by the Court and constitutes an impermissible attempt to obtain merits discovery while discovery remains stayed.

Courts routinely quash subpoenas that exceed the scope of limited discovery authorized by court order. A party may not use Rule 45 to obtain discovery that Rule 26 would otherwise prohibit, nor may a subpoena be used as an end-run around a court-imposed discovery limitation.

## II. THE LIMITED PURPOSE OF THE COURT'S ORDER HAS ALREADY BEEN SATISFIED

Even if the subpoena initially could have fallen within the scope of the Court's Order, subsequent discovery responses rendered the subpoena unnecessary. On May 5, 2026, the Orland Hills Defendants served responses to Plaintiffs' Preliminary Interrogatories. In response to Plaintiffs' request to identify persons present at the Orland Chateau on December 3, 2024 who were not named in the Complaint, the Orland Hills Defendants disclosed that they were aware of only one Orland Hills police officer being present at the Orland Chateau on that date: former Orland Hills Police Officer Joshua J. Patton.

Likewise, on May 5, 2026, the Orland Hills Defendants served responses to Plaintiffs' Preliminary Requests for Production and produced eighty-four (84) documents responsive to Plaintiffs' limited discovery requests. Those documents identified individuals who claimed to be present at the relevant date and time and provided Plaintiffs with the information available to the Orland Hills Defendants concerning the identities of such individuals.

Thereafter, in response to Plaintiffs' Second Preliminary Interrogatories, Mayor Hastings further disclosed that Officer Joshua J. Patton was present at the Orland Chateau on December 3,

2024 and that, based upon the information presently available to him, he believes the police officer depicted in Plaintiffs' photograph is Officer Patton. Although the photograph depicts only the rear of the individual and therefore does not permit definitive identification, Mayor Hastings disclosed the only officer known to him to have been present at the event.

Similarly, in response to Plaintiffs' Second Preliminary Requests for Production, Mayor Hastings expressly advised Plaintiffs that he had already disclosed the identity of the Orland Hills police officer alleged in the Complaint to have accompanied him on December 3, 2024.

Accordingly, the very objective identified by the Court—identifying the previously unnamed defendant—has already been achieved. Plaintiffs now know the identity of the officer alleged to have accompanied Mayor Hastings and possess documentary discovery addressing that issue. Because the limited discovery authorized by the Court has already fulfilled its purpose, there is no legitimate basis for compelling additional discovery from the Orland Hills Police Department.

## III. THE SUBPOENA IS AN IMPROPER ATTEMPT TO OBTAIN MERITS DISCOVERY DURING THE COURT'S STAY

The subpoena's breadth demonstrates that Plaintiffs are no longer attempting to identify an unknown defendant. Instead, Plaintiffs seek information concerning all officers who may have been on duty or present on December 3, 2024. That information has no bearing on whether Plaintiffs can identify and serve the unnamed officer referenced in the Complaint.

Rather, it relates to issues such as who attended the event, what law enforcement presence existed, and what role various individuals may have played; subjects that go directly to the merits of Plaintiffs' claims. The Court expressly stayed merits discovery pending resolution of the pending motions to dismiss. Plaintiffs may not circumvent that stay by directing an overbroad subpoena to the police department of a named Defendant. Allowing the subpoena to proceed would

effectively nullify the Court's discovery limitation and permit Plaintiffs to obtain through Rule 45 the very merits discovery that the Court has expressly prohibited.

## IV. THE SUBPOENA IS OVERBROAD, UNDULY BURDENSOME, AND NOT PROPORTIONAL TO THE NEEDS OF THE CASE

The subpoena is additionally improper under Rules 26(b)(1) and 45(d)(3) because it seeks information concerning "any police officers" who were allegedly on duty or present on December 3, 2024. Such requests are untethered to the limited issue before the Court and would require the collection, review, and production of records relating to individuals who have no connection to the identification of any unnamed defendant.

Because the requests are substantially broader than the discovery authorized by the Court and seek information that is neither necessary nor proportional to the limited purpose of the authorized discovery, the subpoena imposes an undue burden and should be quashed.

### CONCLUSION

For the foregoing reasons, Orland Hills Defendants respectfully request that this Court:

a. Quash the subpoena issued to the Orland Hills Police Department;

b. Prohibit Plaintiffs from seeking discovery outside the scope of the Court's March 19, 2026 discovery order (Dkt. 36); and

c. For other such relief as this Court deems just and proper.

Respectfully submitted,

**Village of Orland Hills, Mayor Kyle Hastings, and Trustee Kyle Hastings II**

By: /s/ *Kelly A. Krauchun*
Kelly A. Krauchun, Attorney

7

Burton S. Odelson (2090457)
John B. Murphey (1992635)
Kelly A. Krauchun (6322639)
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708.424.5678
attyburt@omfmlaw.com
jmurphey@omfmlaw.com
kkrauchun@omfmlaw.com

*s/Lance E. Neyland*
Lance E. Neyland (6331171)
*For the Village of Orland Hills*
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Tel: 847.291.0200
lneyland@ifmklaw.com

8