**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| O'GRADY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-14656 |
| | ) | Hon. Andrea R. Wood |
| v. | ) | Hon. Mag. Laura K. McNally |
| | ) | |
| HASTINGS, et al., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO ORLAND HILLS DEFENDANTS' MOTION TO QUASH
SUBPOENA TO ORLAND HILLS POLICE DEPARTMENT**

Plaintiffs, Paul O'Grady, Ree Odeh, John Lynch, and Patrick Feldner ("Plaintiffs"), by and through their attorneys, Loevy & Loevy, pursuant to F.R.C.P. 26 and 45, respectfully submit this Response to Defendant's Motion to Quash. (Dkt. 43). In opposition, Plaintiffs state as follows:

**BACKGROUND**

On December 3, 2024, Plaintiffs gathered to conduct a lawful political caucus when Defendants, members of a rival political party, brought a mob to the caucus site to unlawfully interfere with the political process. *See* Dkt. 1 (Comp.). Defendants' mob was accompanied by as-yet-unnamed Defendants, believed to include at least one police officer from another jurisdiction: Orland Hills. *Id.*

After Plaintiffs filed their Complaint, on March 19, 2026, the Court entered an order permitting limited discovery concerning the identity of the as-yet unnamed Defendants. Dkt. 36. The Court's Order stated, "For the reasons stated on record, the Court stays merits discovery

until further order of the Court. However, Plaintiff may conduct discovery for the limited purpose of identifying and facilitating service on the as yet unidentified Defendants." Dkt. 36.

On April 2, 2026, Plaintiffs propounded preliminary discovery seeking the names of any other individuals who attended the caucus along with related documents, and on May 5, 2026, the Orland Hills Defendants responded. *See* Ex. A (Orland Hills Defendants' Answers to Plaintiffs' Preliminary Interrogatory); Ex. B (Orland Hills Defendants' Answers to Plaintiffs' Preliminary Request for Documents). In their response to the preliminary interrogatory, the Orland Hills Defendants objected on multiple grounds and stated, "they are only aware of former Orland Hills Police Officer Joshua J. Patton being present on December 3, 2024, at Orland Chateau banquets." Ex. A at 2. The Orland Hills Defendants objected to Plaintiffs' request for documents and directed Plaintiffs to 84 pages of document production, most of which were caucus-related, and none of which contained the identity of Orland Hills police officers who may have attended the caucus and participated in Defendants' misconduct. *See* Ex. B at 2.[1]

On May 15, 2026, Plaintiffs then propounded a second set of preliminary discovery requests upon Defendant Mayor Hastings, targeted to confirm the identity of Officer Patton, whom Defendants referenced as "being present" but believed to be the uniformed officer pictured alongside Defendant Mayor Hastings during the caucus. *See* Ex. C (Defendant Mayor Hastings' Answers to Plaintiffs' Request to Admit); Ex. D (Defendant Mayor Hastings' Answer to Plaintiffs' Second Preliminary Interrogatory); Ex. E (Defendant Mayor Hastings' Answer to Plaintiffs' Second Preliminary Request for Production). The second preliminary requests were intended to confirm Officer Patton's identity prior to amending the Complaint. *Id*.

---

[1] Plaintiffs have not included as exhibits the document disclosures made by Defendants, bates stamped Village 00001-000084, but is willing to do so should the Court wish to review the documents.

Additionally, to complete preliminary discovery by determining whether there were additional Orland Hills Officers enlisted by Defendants to assist with their misconduct surrounding the caucus, Plaintiffs issued a subpoena to the Orland Hills Police Department requesting: (1) documents in its possession containing identities of officers on duty during the caucus event on December 3, 2024; and (2) documents in its possession containing identities of officers present at the caucus venue. *See* Dkt. 43-1 (Subpoena issued to Orland Hills Police Department issued on May 15, 2026). Put simply, the subpoena asked for very particular information from a very limited time period to identify any remaining as-yet-unnamed Defendant Officers who were on duty during the caucus or went to the caucus site. *See id*.

Thereafter the Orland Hills Defendants objected, raising similar arguments to their instant motion to quash, incorrectly stating that "Plaintiffs' supplemental discovery requests and subpoena exceed the limited scope of discovery authorized by the Court." Ex. F (Email Correspondence) at 2. Plaintiffs responded that the second round was well within the scope of the Court's Order. *Id.* at 3. On June 2, 2026, Defendant Mayor Hastings provided responses to Plaintiffs' second preliminary discovery requests. Ex. C-E. On June 3, 2026, the Orland Hills Defendants filed the instant motion to quash Plaintiffs' subpoena to the Orland Hills Police Department. Dkt. 43.

The Orland Hills Defendants argue that by requesting materials regarding on-duty Orland Hills officers during and at the caucus, Plaintiffs' subpoena exceeds the scope of the Order and impermissibly seeks to conduct merits discovery because Defendants have already confirmed Officer Patton's identity. Dkt. 43 at 4-5. However, Plaintiffs' subpoena is narrowly tailored to determine the identities of any as-yet-unknown Defendant Officers and is well within the limits

of the Court's Order. For the reasons below, the Orland Hills Defendants have failed to satisfy their burden under the law, and their motion should be denied.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Trustees of Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 19-cv-2965, 2023 U.S. Dist. LEXIS 13410, 2023 WL 429047, at *3 (N.D. Ill. Jan. 26, 2023). Furthermore, Courts "adopt[] a liberal interpretation of the discovery rules" to resolve discovery disputes. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas *duces tecum*. Fed. R. Civ. P. 45. "The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008); *see also* Fed. R. Civ. P. 45 advisory committee note to 1991 amendment. A subpoena can be quashed if it "subjects a [party] to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts in the Seventh Circuit have interpreted "undue burden" to mean discovery requests interposed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Chelmowski v. AT&T Mobility LLC*, 753 F. App'x 398, 401 (7th Cir. 2019); *see also* R. 26(g)(1)(B)(ii).

Courts balance the benefits of production against the burden on the producing party in evaluating whether there is an undue burden. *LKQ Corp. v. Kia Am., Inc.*, No. 21-cv-3166, 2023 U.S. Dist. LEXIS 182724, 2023 WL 6623363, at *2 (N.D. Ill. Oct. 11, 2023). Courts in this District use a four-part balancing test, weighing: "(1) the person's status as a non-party, (2) the

4

relevance of the discovery sought, (3) the subpoenaing party's need for the information, and (4) the breadth of the request and the burden imposed on the subpoenaed party." *Id*. (citing cases). Additionally, the party requesting to limit the subpoena must show "good cause" by demonstrating specific facts, distinguished from stereotyped and conclusory statements. *New Eng. Carpenters Health & Welfare Fund v. Abbott Laboratories*, No. 12 C 1662, 2013 U.S. Dist. LEXIS 35644, at \*9 (N.D. Ill. Feb. 20, 2013) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035, at 157-58 (3d ed. 2010)). The party seeking to limit discovery bears the burden of establishing that the subpoena implicates one of these criteria. *Williams*, 2008 WL 68680, at \*3.

## ARGUMENT

**I.      THE SUBPOENA IS PROPORTIONAL TO THE NEEDS OF THE CASE BY SEEKING RELEVANT INFORMATION REGARDING THE IDENTITIES OF REMAINING ORLAND HILLS POLICE OFFICERS WHO CONSPIRED IN DEFENDANTS' MISCONDUCT**

Orland Hills Defendants' first argument is that Plaintiffs' subpoena exceeds the scope of the Court's Order granting preliminary discovery. Dkt. 43 at 4. Defendants' argument fails for several reasons. First, the Court expressly allowed discovery "for the limited purpose of identifying and facilitating discovery on the as yet unidentified *Defendants*" plural. Dkt. 36 (emphasis added). Orland Hills Defendants contend that the subpoena exceeds this scope because it seeks information about "any" police officers who were on duty or present at the caucus in Orland Hills. Dkt. 43 at 5. However, to date, the Orland Hills Defendants have only identified one Orland Hills officer who was present during the events in question. *See* Ex. A, C, D. They have not affirmatively stated that no other Orland Hills officers were present or participated in Defendants' actions. *Id.* And Plaintiffs have never known, nor could they know, how many Orland Hills officers participated in Defendants' conspiracy regarding the caucus. *See*

Dkt. 1 ¶¶ 13, 80, 81. Defendants' actions began prior to and continued after the caucus, involved numerous individuals affiliated with their political dynasty, and clearly involved at least one, but perhaps additional, out-of-jurisdiction officers. *Id.*

To determine whether any other active Orland Hills officers participated in Defendants' scheme, Plaintiffs' subpoena requests documents regarding: (1) the officers who were on duty during the caucus, which took place during the evening of December 3, 2024; and (2) the officers who were actually present at the caucus. Dkt. 43-1 at 6. These two requests, taken together, allow Plaintiffs to discover plainly relevant and proportional information: whether additional officers participated in Defendants' multi-person scheme to thwart their constitutionally protected activities. *See* Dkt. 1; *LKQ Corp.*, 2023 WL 6623363, at *2. On this basis alone, the Court can find that Plaintiffs' subpoena is within the scope of its Order in seeking the identity of other officers on duty the night of December 3, 2024, and those who attended an out-of-jurisdiction event, which is a relevant and proportional request to the issue before the Court. *Id.*

Second, Orland Hills Defendants' motion ignores the fact that the requests are, in fact, narrowly tailored by time and location. Dkt. 43; Dkt. 43-1 at 6. Plaintiffs have only requested information regarding *on-duty* officers during a limited timeframe on a single date – the evening of December 3, 2024, when the caucus took place, majorly limiting the scope of potentially responsive information. Dkt. 43-1 at 6. Any list of officers produced would allow Plaintiffs to determine whether anyone else was on duty and deployed to the event, which was outside of the Orland Hills jurisdiction. *Id.* This request does not seek, for example, all officers employed by Orland Hills or even all officers employed by Orland Hills on duty for all of December 3. *Id.* The subpoena targets the time and place in question, and the materials sought will allow Plaintiffs to

define the Defendant class without exceeding the scope of preliminary discovery ordered by the Court. *Id.*

Third, Defendants ignore an inherently limiting factor of Plaintiffs' Orland Hills subpoena: it is issued to a police department in a neighboring jurisdiction from where the caucus was located. Dkt. 43-1 at 6; Dkt. 1 ¶¶ 13, 80-81. Officers from the Orland Hills Police Department would not ordinarily be deployed to a neighboring jurisdiction, further limiting the scope of the subpoena. Requesting documents relating to officers on duty during a few hours on December 3, 2024, and those deployed outside of their jurisdiction, is a narrowly tailored request well within the scope of the Court's Order. Dkt. 63.

Finally, Defendants point to no evidence, nor could they, that this subpoena has been issued for any improper purpose, such as harassment, delay, or increased cost of litigation. *See Chelmowski*, 753 F. App'x at 401. To the contrary, Plaintiffs' requests and the instant subpoena have all been narrowly framed to promptly elicit relevant information, no more and no less. *See* Ex. A-E.

For any of the above reasons, the Court should find that the subpoena is proportionate to the needs of the case and Defendants have failed to provide good cause to quash.

## II. WITHOUT CONFIRMING WHETHER ADDITIONAL ORLAND HILLS POLICE OFFICERS PARTICIPATED IN DEFENDANTS' CONSPIRACY AT THE CAUCUS, PRELIMINARY DISCOVERY IS NOT COMPLETE

Defendants argue that any responses to the subpoena would be "unnecessary" because Orland Hills Defendants already produced discovery responses confirming the identity of the officer present in the photograph furnished by Plaintiffs. Dkt. 43 at 5; Ex. D. However, Defendants ignore that the purpose of preliminary discovery has not been fulfilled. *Id.* The Court's Order allows Plaintiffs to identify as-yet unidentified *Defendants*, plural. Dkt. 36. Defendants have only identified a single officer and not affirmatively stated that Patton was the

only officer enlisted to assist in carrying out their actions. *See generally* Ex. A-E. Plaintiffs are unable to determine whether any additional officers from Orland Hills aided in Defendants' misconduct through their discovery responses alone. *See* Ex. A at 2; Ex. D at 2. Without determining whether other out-of-jurisdiction Orland Hills officers were also on duty and present at the caucus, Plaintiffs are unable to complete preliminary discovery.

Courts in this District have recognized that in conspiracy cases, "without discovery [a] plaintiff is unable to identify specific officers who committed specific acts" and can amend the complaint once the "plaintiff has had a chance to conduct reasonable discovery." *Huber v. Beth*, 654 F. Supp. 3d 777, 800 (E.D. Wis. 2023); *see also Low Cost Movers, Inc. v. Craigslist, Inc.*, 2015 IL App (1st) 143955, P15 (quoting *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242, 664 N.E.2d 302, 215 Ill. Dec. 905 (1996)) (noting that [w]hen the "connection to the injury is remote and does little or nothing to define the universe of potential defendants," plaintiffs "should not be precluded from ascertaining additional connecting facts to further refine the universe of defendants having potential liability"). The same is also true here, where the Court granted Plaintiffs preliminary discovery to identify any Defendant Officers who conspired with the elected official Defendants. *See* Dkt. 1; *Huber*, 654 F. Supp. at 800.

In arguing that the purpose of the Court's order has been satisfied, Defendants point to their document production in response to Plaintiffs' preliminary request for production. Dkt. 43 at 5. However, these documents merely show that the Orland Hills Defendants do not possess what Plaintiffs need to "identif[y] and facilita[e] service on the as yet unidentified *Defendants*." *See* Dkt. 36 (emphasis added). In fact, none of the documents disclosed by Defendants contain

8

information on police officers present at the caucus.[2] Given that these disclosures do not assist

Plaintiffs in narrowing the universe of unknown Defendant Officers, preliminary discovery is not

complete, and the Court should reject the Orland Hills Defendants' argument to the contrary.

### III. PLAINTIFFS ARE NOT ATTEMPTING TO CONDUCT MERITS DISCOVERY, AS THE SUBPOENA IS LIMITED TO THE IDENTITIES OF ORLAND HILLS OFFICERS ON DUTY DURING AND AT THE CAUCUS

Next, the Orland Hills Defendants argue that the subpoena seeks materials that go

directly to Plaintiffs' claims and are attempting to conduct merits discovery. Dkt. 84 at 5-6. As is

stated above, Plaintiffs' preliminary discovery into the universe of as-yet unknown Defendant

Officers is not complete. *See* Sections I-II. Defendants themselves have not provided Plaintiffs

with the identification of any other officers present at the scene, nor have they confirmed that

they enlisted no other Orland Hills Officers to participate in their actions surrounding the caucus.

*See* Ex. A-E. They have merely confirmed that Officer Patton "was present." Ex. A at 2; Ex. C at

1; Ex. D at 2. Consequently, to identify and amend with all proper parties, Plaintiffs must obtain

documents relating to the identities of officers on duty or at the caucus, allowing Plaintiffs to

ascertain their participation in Defendants' conspiracy. Plaintiffs are thus seeking materials that

will allow them to identify as-yet-unknown Defendant Officers, if any others exist. *See* Sections

I-II.[3]

Even if there is overlap between these preliminary discovery efforts and future merits

discovery, this is perfectly permissible under the law. This issue comes up in scenarios involving

class certifications, where preliminary discovery often overlaps with merits discovery in

---

[2] As stated above, Plaintiffs have not included as exhibits the document disclosures made by Defendants, bates stamped Village 00001-000084, but is willing to do so should the Court wish to review the documents.

[3] If Defendants are concerned that any documents produced are otherwise inadmissible, they may later move to exclude or limit the use of any materials, if appropriate.

certification questions. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (explaining how, class certifications "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."); *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012) (noting that "[b]ecause the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, the court's rigorous analysis frequently entails some overlap with the merits of the plaintiff's underlying claim."). Here, any overlap with merits discovery is slight, unavoidable, and permissible under the law. Defendants have not shown that this is a proper basis to quash Plaintiffs' subpoena.

## IV.     THE SUBPOENA DOES NOT POSE ANY UNDUE BURDEN ON THE ORLAND HILLS DEFENDANTS

Lastly, the Orland Hills Defendants offer a conclusory argument that the subpoena, issued to third-party Orland Hills, is unduly burdensome. Dkt. 43 at 7. Defendants have not come close to carrying their burden as to this argument. *Id.* As an initial matter, their motion does not address the four-part balancing test. Dkt. 43 at 7. Rather, it simply states that the subpoena "would require the collection, review, and production of records relating to individuals who have no connection to the identification of any unnamed defendant." *Id.* For the reasons stated above in Sections I-III, Plaintiffs' subpoena seeks relevant material needed to discover the identity of any remaining unnamed defendants. *See LKQ Corp.*, 2023 WL 6623363, at *2. As to the "collection, review, and production" of documents, this is not a task for the Orland Hills Defendants, but rather, the Orland Hills Police Department. Dkt. 43-1. Putting aside that any such "burden" is not for the Orland Hills Defendants to invoke, the scope of potentially responsive material is limited by date, time, and place, as well as the discrete number of officers

10

employed by the Orland Hills Police Department.[4] Dkt. 43-1. The Court can, therefore, soundly reject any argument by the Orland Hills Defendants that this subpoena imposes an undue burden.

## CONCLUSION

Plaintiffs have an obligation to ensure the relevant parties are named in their Complaint, and the Orland Hills Police Department subpoena is well within the scope of the Court's Order to meet that obligation. For the above reasons, Defendants' Motion to Quash Plaintiff's Subpoena should be denied.

DATED: July 10, 2026

Respectfully Submitted,

s/ Kathryn Montenegro

Michael Kanovitz
Jon Loevy
Kathryn Montenegro
LOEVY & LOEVY
311 N. Aberdeen Street Suite 3
Chicago, Illinois 60607
(312) 243-5900
katie@loevy.com
*Counsel for Plaintiffs*

---

[4] Plaintiffs believe that the class of potential Defendant Officers is quite small given the low number of active duty officers employed in 2024. According to FBI Crime Data, in December of 2024, only twelve active officers were working for the Orland Hills Police Department. *Law Enforcement Employees Reported by Orland Hills Police Department*, FBI Crime Data Explorer (July 6, 2026), https://cde.ucr.cjis.gov/LATEST/webapp/#/pages/le/pe. It is also highly unlikely that all officers of the Orland Hills Police Department were on active duty at the time of the caucus, making the scope of potential defendants even narrower.

## CERTIFICATE OF SERVICE

I, Kathryn Montenegro, an attorney, hereby certify that on July 10, 2026, I filed the

foregoing via the Court's CM/ECF System and thereby served a copy on all counsel of record.


<u>s/ Kathryn Montenegro</u>
One of Plaintiffs' Attorneys

12