**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-14656 |
| ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE E. HASTINGS, TRUSTEE KYLE HASTINGS II, AS-YET UNKNOWN OFFICERS OF THE VILLAGE OF ORLAND HILLS POLICE DEPARTMENT, CLERK CINDY M. MURRAY, AS-YET UNNAMED CO-CONSPIRATORS in their official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP, | ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge Andrea R. Wood |
| Defendants. | ) ) ) | Jury Trial Demanded |

**ORLAND HILLS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
QUASH SUBPOENA TO ORLAND HILLS POLICE DEPARTMENT**

Defendants, Mayor Kyle Hastings, Trustee Kyle Hastings II, and the Village of Orland

Hills (collectively "Orland Hills Defendants"), by and through their attorneys, Odelson, Murphey,

Frazier & McGrath, Ltd., and Lance E. Neyland, IFMK Law, Ltd., state as follows as their Reply

in Support of Their Motion to Quash Plaintiffs' Subpoena to Orland Hills Police Department:

**ARGUMENT**

I.      **The limited purpose of discovery has been satisfied and there is no reasonable
        basis for Plaintiffs to issue an additional subpoena.**

In their response to the Orland Hills Defendants' motion to quash, Plaintiffs argue that the

Defendants' identifying former Orland Hills Police Officer Joshua Patton as the officer who

accompanied Mayor Hastings to the event and positively identifying Officer Patton as the officer

in Plaintiffs' photograph is insufficient, because Plaintiffs should be permitted to discover "whether additional officers participated in Defendants' multi-person scheme to thwart their constitutional protected activities." *See* Dkt. 45, p. 6. Plaintiffs are wrong, and their assertion ignores not only the purpose of this Court's order allowing limited discovery, but it ignores the allegations in Plaintiffs' own Complaint.

One need only read Plaintiffs' Complaint to recognize that there are no outstanding, unidentified, potential Orland Hills police officers that could match Plaintiffs' allegations.

In Paragraph 13 of their Complaint, Plaintiffs state that Orland Hills police officers "participated in the events described in the Complaint by escorting Defendant-Mayor Hastings' unconstitutional actions within the caucus venue." Dkt. 1 at ¶ 13. Plaintiffs base this claim on the allegation that they saw that "Defendant-Mayor Kyle Hastings…pulled up in a marked Orland Hills police cruiser, accompanied by at least one as-yet unknown Village of Orland Hills uniformed police officers. Dkt. 1 at ¶ 80. **<u>Importantly, these are the only two allegations in Plaintiffs' complaint that mention actions specifically taken by Orland Hills police officers</u>**. The remaining allegations against the Orland Hills officers are just that the officer(s) identified in paragraphs 13 and 80 generally participated with Mayor Hastings in his supposedly unconstitutional activities.

As such, the only reasonable interpretation of this Court's order allowing limited discovery to identify the Orland Hills police officer(s) is to identify the officer(s) mentioned in paragraphs 13 and 80. As discussed at length in the Orland Hills Defendants' opening motion to quash, **<u>that identification has already taken place.</u>**

The Orland Hills Defendants have already positively identified former Orland Hills officer Joshua Patton as the officer that escorted Mayor Hastings and arrived with him in a police car, and

2

Defendants did so in response to Plaintiffs' discovery requests, which are attached as exhibits to Plaintiffs' response. Dkt. 45-1 and Dkt. 45-2.

Plaintiffs have made no claim that the discovery responses are incomplete or inaccurate, they have not conferred with Defendants to discuss any issue with these responses, and, of course, they have filed no motion to compel arguing that they believe the responses are somehow incomplete or inaccurate.

Instead, they have attempted to circumvent the Court's discovery order by subpoenaing additional documents despite having already accomplished the goal of limited discovery. This is improper.

The Orland Hills Defendants do not wish to belabor the point, but Plaintiffs have not asserted, nor would they have any good faith basis to assert, that that the Defendants failed to fully respond to their prior discovery responses when Defendants positively identified Joshua Patton as the only Orland Hills officer accompanying Mayor Hastings. As such, the limited purpose of discovery has been accomplished. Plaintiffs have no basis to issue this subpoena, and it should be quashed.

WHEREFORE, for all of the reasons stated in the Orland Hills Defendants' motion to quash and this reply, the limited purpose of discovery has been satisfied, and Plaintiffs' subpoena to the Orland Hills Police Department should be quashed.

Respectfully submitted,

**Village of Orland Hills, Mayor Kyle Hastings, and Trustee Kyle Hastings II**

By: /s/      *Kelly A. Krauchun*
Kelly A. Krauchun, Attorney

3

Burton S. Odelson (2090457)
John B. Murphey (1992635)
Kelly A. Krauchun (6322639)
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708.424.5678
attyburt@omfmlaw.com
jmurphey@omfmlaw.com
kkrauchun@omfmlaw.com

*s/Lance E. Neyland*

Lance E. Neyland (6331171)
*For the Village of Orland Hills*
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Tel: 847.291.0200
lneyland@ifmklaw.com

4