**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL O'GRADY, REEM ODEH, JOHN LYNCH, and PATRICK FELDNER,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE SENATOR MICHAEL E. HASTINGS, MAYOR KYLE E. HASTINGS, TRUSTEE KYLE HASTINGS II, ORLAND HILLS POLICE OFFICER JOSHUA J. PATTON, and CLERK CINDY M. MURRAY, in their individual and official capacities; the VILLAGE OF ORLAND HILLS, and ORLAND TOWNSHIP,<br><br>Defendants. | ) | Case No. 1:25-cv-14656<br><br>Honorable Judge Andrea R. Wood<br><br>Jury Trial Demanded |

**DEFENDANT OFFICER JOSHUA J. PATTON'S *UNOPPOSED* MOTION TO JOIN AND ADOPT THE ORLAND HILLS DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDA**

Defendant Joshua J. Patton ("Patton"), by and through his attorneys, respectfully moves pursuant to Federal Rules of Civil Procedure 7(b) and 12(b)(6) to join and adopt the Orland Hills Defendants' pending motion to dismiss and supporting memoranda (Dkts. 28-29, 40), as applied to the First Amended Complaint (Dkt. 51), and requests dismissal of the claims asserted against him. The parties have expressly stipulated that the previously filed motions to dismiss remain pending and are directed to the Plaintiffs' First Amended Complaint (Dkt. 52). In support thereof, Patton states as follows:

1. Plaintiffs originally sued unidentified Orland Hills police officers. The Village of Orland Hills, Mayor Kyle R. Hastings, and Trustee Kyle Hastings II moved to dismiss the original complaint; their memorandum (Dkt. 29) specifically addressed the absence of actionable conduct

by the unidentified officer. Plaintiffs responded (Dkt. 37), and the Orland Hills Defendants replied. (Dkt. 40).

2. On August 24, 2026, the Court granted Plaintiffs leave to amend (Dkt. 50), and Plaintiffs filed the First Amended Complaint that day (Dkt. 51). In their Joint Stipulation Regarding Pending Motion to Dismiss Briefing, the parties expressly agreed that the amendment only substituted Officer Joshua J. Patton's name for the previously unidentified officer/co-conspirator designations and that the previously filed motions to dismiss (Dkts. 28, 30, and 33) "shall stand, now directed toward Plaintiffs' First Amended Complaint." (Dkt. 52, ¶¶ 1-4). That stipulation thus eliminates any practical need to rebrief the existing motion solely because of the amendment. Patton, who has now been served, seeks to join the existing motion and adopt its supporting arguments as they relate to him.

3. The First Amended Complaint alleges that Patton escorted Mayor Hastings in a police vehicle, accompanied him during the events at the caucus venue, and is sued in his individual and official capacities. (Dkt. 51, ¶ 13). It further alleges that Patton arrived in a marked Orland Hills cruiser while uniformed (*Id.*, ¶ 79), lacked jurisdiction in Orland Park (*Id.*, ¶ 80), and that Plaintiffs locked arms to prevent Mayor Hastings and the officer from physically overpowering the proceedings and entering the caucus room (*Id.*, ¶ 84). Patton acknowledges these allegations for purposes of this motion, without admitting their truth.

4. Patton adopts the Orland Hills Defendants' arguments that public employment, uniformed presence, transportation of an elected official, and proximity to allegedly private partisan conduct do not, without more, plausibly establish action under color of state law. See Dkt. 29 at 5-10; Dkt. 40 at 3-7; *Lindke v. Freed*, 601 U.S. 187, 196-202 (2024); *DiDonato v. Panatera*, 24 F.4h 1156, 1161 (7th Cir. 2022).

5. Patton further adopts the Orland Hills Defendants' arguments concerning the sufficiency of Plaintiffs' § 1983 conspiracy allegations. As explained in the underlying motion, Plaintiffs cannot establish an actionable § 1983 conspiracy absent sufficient allegations of state action and an underlying constitutional deprivation. See Dkt. 29 at 10-11; Dkt. 40 at 6-7. Those arguments apply equally to Patton, whose identification in the First Amended Complaint does not cure the deficiencies previously identified by the Orland Hills Defendants.

6. Patton does not purport to join the Village's defense of the separate municipal liability claim in Count III as a personal claim against him. Rather, he adopts the overlapping legal and factual arguments relevant to dismissal of Counts I and II against him and, to the extent asserted against him, the derivative state law claims. If all federal claims are dismissed, he also joins the request that the Court decline supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).

7. Unlike a case in which amendment leaves the status of a pending Rule 12 motion uncertain, the parties here expressly stipulated that the pending motions to dismiss stand as directed to the First Amended Complaint. (Dkt. 52, ¶ 4). Patton accordingly seeks to join the existing Orland Hills motion and its briefing, rather than to restart briefing or contend that the original motion was superseded. Because Patton was newly identified and served after the original briefing, he independently requests dismissal under Rule 12(b)(6) to the extent joinder alone is insufficient, and requests leave to submit a short supplemental memorandum only if the Court deems it necessary.

8. Joinder promotes judicial economy and avoids duplicative briefing of issues already presented in Dkts. 29, 37, and 40. Plaintiffs expressly agreed that the existing motions would remain directed to the amended pleading; however, Patton was not separately identified as

a signatory to the stipulation, and he does not suggest that the stipulation itself adjudicated his defenses or automatically made him a movant. This motion formally seeks that relief while preserving Plaintiffs' opportunity to address any Patton-specific issue the Court identifies. Patton seeks no enlargement of the discovery stay or modification of any scheduling order.

9. Plaintiffs do not oppose Officer Patton's joinder in the pending motion but continue to oppose dismissal for the reasons stated in Dkt. 37, and reserve the right to respond to any supplemental briefing.

WHEREFORE, Defendant Joshua J. Patton respectfully requests that this Court: (a) permit him to join and adopt the Orland Hills Defendants' pending motion to dismiss and supporting memoranda (Dkts. 28-29, 40), which the parties stipulated (Dkt. 52) would stand as directed to the First Amended Complaint (Dkt. 51); (b) dismiss Counts I and II against Patton pursuant to Rule 12(b)(6); (c) grant appropriate relief concerning any state law claims asserted against him, including declining supplemental jurisdiction if all federal claims are dismissed; and (d) alternatively, construe this motion as Patton's independent Rule 12(b)(6) motion and permit limited supplemental briefing, if necessary.

Respectfully submitted,

**Officer Joshua J. Patton**

By: /s/ *Kelly A. Krauchun*
Kelly A. Krauchun, Attorney

Burton S. Odelson (2090457); attyburt@omfmlaw.com
John B. Murphey (1992635); jmurphey@omfmlaw.com
Kelly A. Krauchun (6322639); kkrauchun@omfmlaw.com
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708.424.5678